[No. 716.]

THE STATE OF NEVADA, RESPONDENT, *v.* I. EN, APPELLANT.

LARCENY—POSSESSION OF STOLEN PROPERTY.—The mere fact of the possession ·of stolen property is not of itself sufficient to authorize a conviction; but when property recently stolen is found in the possession of a person accused of the theft, the accused is bound to explain the possession in order to remove its effect as a circumstance indicative of guilt.

IDEM—CONFLICTING STATEMENTS OF DEFENDANT.—It is admissible for the prosecution to show, as a circumstance indicative of guilt, that the accused has made different statements concerning the manner in which the possession was acquired.

INDICTMENT—VALUE AND OWNERSHIP OF STOLEN PROPERTY—Where an indictment alleges the value and ownership of the property stolen to be "two gold watches each of the value of seventy-five dollars, and one gold chain of the value of twenty-five dollars, and one gold locket of the value of fifteen dollars, * * * the property of George W. Baker;" and where upon the trial the locket was proven to be the property of Baker's wife before marriage: *Held*, that as there was no testimony tending to show less value of any of the property, it was not necessary to decide whether the ownership of the locket was properly alleged in George W. Baker.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The defendant was indicted, tried and convicted of grand larceny, and sentenced to five years' hard labor in the State prison. The testimony was circumstantial. One of the watches stolen was found in the defendant's pocket, the

locket was found behind a bunk at a cabin occupied by the defendant and two other Chinamen. The defendant stated at the time, that the bunk was where he slept. The property was alleged to have been stolen on the 26th day of February, 1875, and was found, as above stated, on the next day. The prosecution called S. B. Bell, the deputy sheriff having charge of the defendant, who testified that while defendant was in his charge he had a conversation with him in regard to the property found in his possession; that he asked him where he got the property, and defendant said in reply that he bought it of a party who went to Pioche; that the answer was made voluntarily and without any threats or inducements held out to him. F. W. Gorman also testified, that in a conversation with the defendant, the defendant said that he bought the watch of Chinamen now in jail and paid sixty-two dollars for it. This witness said he thought the defendant knew that he referred to the watch found in his pocket, as he asked him particularly in regard to the watch that was found in his pocket, and that defendant understood the English language pretty well. No threats or promises were used or made by this witness.

Defendant's counsel moved to strike out the testimony of Bell and Gorman. The court overruled the motion and defendant's counsel excepted. The witness Baker identified the property as his, and testified to the value as alleged in the indictment. The locket was the separate property of his wife before marriage.

Upon the trial counsel for defendant offered the following instruction: "The jury are instructed that recent possession of stolen property by the defendant is not *prima facie* evidence of guilt upon which the jury can convict. It is merely a circumstance tending to show guilt, and it is not incumbent upon defendant to show how he came in possession of the stolen property." To which the court added: "However, if the jury believe from the evidence that the defendant has told different stories in regard to his possession of the property, then the jury are entitled to take into consideration such different statements." To the giving of

this instruction as modified, defendant by his counsel duly excepted. The defendant moved the court in arrest of judgment upon the grounds: That the evidence of defendant's admissions was improperly admitted by the court; that the evidence does not sustain the indictment as to the true ownership of the property described therein; that the evidence shows that there are different owners of the property described in the indictment. This motion was overruled. Defendant applied for a new trial, which was refused.

*Lansing & Hubbard*, for Appellant.

I. The testimony of the witnesses Bell and Gorman was improperly admitted. (1 Greenl. Ev., Sec. 214.) The testimony was insufficient to constitute a confession of larceny by defendant of the property described in the indictment. There is no other testimony of any value connecting defendant with the commission of the crime charged. The fact of one of the watches having been found upon the person of the defendant is not *prima facie* evidence of guilt upon which the jury can convict. It is not incumbent upon the defendant to show how he came in possession of the stolen property. (*People* v. *Ah Ki*, 20 Cal. 177 ; *People* v. *Chambers*, 18 Cal. 383; *People* v. *Levison*, 16 Cal. 99; *People* v. *Gill*, 45 Cal. 286.)

II. The court erred in the alteration of instruction offered by defendant.

III. The motion in arrest of judgment should have been sustained. The evidence shows that the property described in the indictment as the property of G. W. Baker was in fact partly the property of himself and partly the separate property of his wife, acquired before marriage. That if, under the instruction first given by the court, the defendant was found guilty, this conviction could not be plead as a bar to any other indictment found against defendant for the stealing of the separate property of the wife, described in the indictment under which he was found guilty. (1 Comp. L. 56, Secs. 151–168; "Ownership," Wharton's' Am. Cr.

L. 567; *People* v. *Bogart*, 36 Cal. 247; *State* v. *Dwyre*, 2 Hill, S. C. 287; *Commonwealth* v. *Morse*, 14 Mass. 217; *Commonwealth* v. *Manley et al.*, 12 Pick. 172.)

*J. R. Kittrell, Attorney-General,* for Respondent.

I. The court did not err in overruling the objection of counsel for the defendant to the evidence of witnesses Bell and Gorman, relating to the confessions of the defendant. Confessions of such a character, and so made, are entirely credible and are to be regarded as the best of proof on the trial of a case, especially when it is strengthened by circumstances which tend to corroborate and fortify it.    (1 Greenl. Ev., Sec. 219.)

II. The ownership of the property alleged in the indictment to have been stolen, is properly laid in George W. Baker.    (*Rex* v. *French*, R. & R. Crown Cases, 491; *Rex* v. *Wilford*, Ibid. 517; Arch. Crim. Pldgs., 9th ed. 29; *Com.* v. *Davis*, 9 Cush. 283; *Com.* v. *Williams*, 7 Gray, 337; *Davis* v. *State*, 17 Ala. 416; *Rex* v. *Roberts*, 7 Carr and Payne, 485; 1 Hale P. C. 512; 23 Ohio State R. 339.)

III. There was no evidence to show that the watches and chain were worth less than Baker testified.    Therefore the value of Baker's individual property having been shown to be one hundred dollars, the stealing thereof was grand larceny, and the defendant having been proven to have stolen them the crime is complete even if we ignore the locket altogether.    The property named in the indictment was proven to be in the custody of George W. Baker, and so being, he had that *special* property in it which would make it grand larceny for any person unlawfully and feloniously to take it from his possession.

The husband had such a qualified property in the locket that he might have maintained an action of replevin to recover the possession of it, or its value, in case it had been wrongfully and unlawfully taken out of his custody.    He likewise is the heir or legatee of the wife in case of her death (he surviving her), and thus had a prospective interest or property in this separate property of his wife.

By the Court, HAWLEY, C. J.:

1. There was no error in admitting the testimony of the witnesses Bell and Gorman, and the court was authorized to make the addition it did to the first instruction asked by appellant's counsel.

The mere fact of the possession of stolen property is not of itself sufficient to authorize a conviction; but when property recently stolen is found in the possession of a person accused of the theft, the accused is bound to explain the possession in order to remove its effect as a circumstance to be considered by the jury in connection with other circumstances indicative of guilt. (*People* v. *Ah Ki*, 20 Cal. 178: *People* v. *Gill*, 45 Cal. 286.) In such cases it is admissible for the prosecution to show, as a circumstance indicative of guilt, that the accused has made different statements concerning the manner in which the possession was acquired. (3 Greenleaf on Ev., Sec. 31.)

2. The indictment alleges the value and ownership of the property stolen to be "two gold watches, each of the value of seventy-five dollars, and one gold chain of the value of twenty-five dollars, and one gold locket of the value of fifteen dollars, all being of the value of one hundred and ninety dollars, U. S. gold coin, and the property of George W. Baker." The value of all the property as alleged in the indictment was testified to as correct upon the trial. The only evidence tending to show that the property, or any part thereof, was owned by any other person than said Baker, was to the effect that the locket was the property of Baker's wife before marriage. As there was no testimony tending to show that the value of the watches and chain owned by Baker was less than fifty dollars, the objections made do not render it necessary for us to decide the question argued by counsel, whether the ownership of the locket was properly alleged in the indictment to be the property of George W. Baker. The court did not err in overruling the motions in arrest of judgment and for a new trial.

The judgment of the district court is affirmed.