## SUPREME COURT.

HORACE K. THURBER, &c., as assignee, &c., agt. ROBERT B. MINTURN and another.

*Mortgage upon a building, "machinery and effects"—what it includes— Words, "ejusdem generis."*

Where a mortgage was made of certain real property used for a sugar refinery, "and also all the machinery and effects in the said sugar refinery," and was recorded as a chattel mortgage:
*Held,* that the mortgage covered the sugar upon the premises.

*Special Term, August,* 1881.

*Nelson Smith,* for plaintiff.

*D. S. Walden,* for defendant North River Bank.

*Joseph H. Choate,* for defendant Minturn.

VAN VORST, *J.* — There is in fact only one question in this case, and that is whether the mortgage from Harms and wife to Minturn covered the " sugar " upon the premises.

The mortgage is in the form used to affect real property, but the description of the land mortgaged is followed by the words, " and also all the machinery and effects in the said sugar refinery." The instrument was filed as a chattel mortgage in Kings county register's office.

The parties to the action who contest the right of the defendant Minturn to the sugar and its proceeds, under his mortgage, insist that the description of the property mortgaged does not include the sugar in the refinery. The word " effects," in its primary and accustomed sense, certainly would cover the sugar. Had the description been simply " and also all the effects in the refinery," I suppose there would have

Thurber agt. Minturn.

been no question but what it would have included both the sugar and machinery.

The primary meaning of the word " effects " is sought to be cut down on account of its connection with the preceding word " machinery," under a rule of frequent application in construction, where general words follow a particular one, and where they have been held to be " *ejusdem generis.*" The counsel for the parties who contest Minturn's right have cited numerous cases in which the construction of clauses in wills and contracts was involved ; but the present case I do not think is logically within them (*Rawling* agt. *Jennings,* 13 *Ves.,* 39 ; *Hotham* agt. *Sutton,* 15 *Ves.,* 319 ; *Van Hagen* agt. *Van Renssleaer,* 18 *John.,* 428, *and others were so cited*).

The creditor Minturn was endeavoring to secure a large debt, and he took from his debtor — who was so much embarrassed 'that he, within a few days thereafter, made a general assignment — a mortgage. He had only the sugar refinery, already heavily incumbered, with its contents, with which to secure the creditor. He gave an instrument which by its terms created a lien upon the refinery, the machinery and " effects " therein, in favor of the creditor.

I see no reason why the creditor should be deprived of his security to its full extent, and the court should not be astute in searching out technical grounds by which the rights of the vigilant creditor should be pared away. It appears to me that the intention was that the sugar should be included. I can discover nothing to the contrary in the words or acts of the parties or in the circumstances. In the structure of the sentence there is evidently an ellipsis of frequent occurrence.

By inserting the two words " all the " before the word " effects," as they occur before the word " machinery," and the doubt, if any, is removed, and the intentions of the parties effectuated clearly.

The plaintiff's counsel, however, urges that the mortgage was fraudulent because it was not followed by an immediate change of possession, and for the reason that the mortgagor

was allowed to sell some of the sugar. This contention of course concedes that the " sugar " was included in the mortgage. No fraud is, however, set up in the complaint. The mortgage was duly filed. But waiving such omission in the pleading, I discover no fraud in the case, and I fail to find any reason in law or equity which would deprive the defendant Minturn of his claim to the sugar and its proceeds. The attachment of the North River Bank was levied after the filing of Minturn's mortgage, and the general assignment was subsequent to both mortgage and attachment.

Judgment is ordered awarding the money, the proceeds of the sugar, to the defendant Minturn. But as this action was commenced with the consent of all the parties, to determine their respective rights, the costs of all the parties should be paid out of the fund.