[No. 1435.]

GEORGE M. HOLMES, RESPONDENT, *v.* IOWA MINING COMPANY, A CORPORATION, APPELLANT.

APPEAL—TRANSCRIPT—ORIGINAL PAPERS.—Where, instead of a regular transcript, the original papers are sent up on the appeal, under Stats. 1895, 58, they must be certified to be such originals, and to constitute, in whole or in part, the record on appeal. Where there is no certificate to that effect, the appeal will, upon motion, be dismissed. (Syllabus by BIGELOW, C. J.)

APPEAL from the First Judicial District Court, Storey county; *Richard Rising*, District Judge:

Action by George M. Holmes against the Iowa Mining Company. From the judgment rendered, defendant appeals. Heard on motion to dismiss. Granted.

The facts appear in the opinion.

*Henry K. Mitchell*, for Appellant.

*F. M. Huffaker*, for Respondent.

By the Court, BIGELOW, C. J.:

The respondent moves to dismiss the appeal upon the ground that the record is not certified or authenticated as

required by law. It consists of the original papers as authorized by Stats. 1895, 58. That act provides that when the appellant desires to have the original papers sent to the supreme court, they shall be "certified by the clerk of the district court, or by the respective parties or their attorneys, to be such originals, or to constitute in whole or in part the record on appeal."

Several of the papers in the case are not certified in any manner either as copies or originals, and none of them are certified to constitute in whole or in part, the record on appeal. The motion must, therefore, be granted. This is a defect that doubtless could have been remedied; but, although the motion was made more than two months ago, and thereby the appellant's attention particularly called to the matter, no attempt has been made to do so.

Objection is also made to the manner in which a question upon a motion to set aside a sheriff's sale is sought to be presented, and although unnecessary to notice the point upon this appeal, it is not improper to call attention to the fact that the statute mentioned has in no wise altered the method of presenting questions to the supreme court. Wherever a motion for new trial, or a statement on appeal, was previously necessary to their proper presentation, it is still necessary. The only difference is that, instead of having to present a transcript of the papers to be used on the appeal, the originals may now be certified up.

The appeal is dismissed.