[No. 1459.]

## J. C. STREETER, RESPONDENT, *v.* HIRAM JOHNSON, W. H. REMINGTON, W. H. SWEENEY, AND MINNIE D. FOLEY, ADMINISTRATRIX OF THE ESTATE OF M. D. FOLEY, DECEASED, APPELLANTS.

PRACTICE—RECORD ON APPEAL.—Papers not properly in the record on appeal will be stricken out on motion. Stats. 1895. p. 58, permitting original papers to be certified upon appeal, have not changed the method of presenting questions in the supreme court.

CHATTEL MORTGAGE—SUFFICIENCY OF DESCRIPTION.—A description in a chattel mortgage, that it "covers all other property of a personal nature belonging to said mortgagor which is situated in either Elko or Eureka counties," is sufficient to cover all such property so situated then belonging to the mortgagor.

IDEM—AFFIDAVIT.—An affidavit attached to a chattel mortgage, when made by some one in behalf of the parties, need not state that fact.

TRESPASS—SHERIFF AND JUDGMENT CREDITORS, WHEN JOINTLY LIABLE FOR WRONGFUL SALE.—Judgment creditors, who attend an execution sale of property levied upon in that action by the sheriff, direct how the property shall be sold, and buy in a portion of it themselves, thereby ratify the seizure by the sheriff, and, if it is wrongful, they become jointly liable with him for the trespass.

EVIDENCE—SUFFICIENCY OF—WAIVER.—Admitting a mortgage in evidence without objection is a waiver of the claim that its execution had not been sufficiently proven.

MORTGAGE—EXECUTED AFTER MATURITY OF NOTE.—Where it appears that a *bona fide* mortgage, although agreed upon, was not executed until after the note it was given to secure fell due, but that such delay was not fraudulent, and does not appear to have worked injury to any one, the mortgage does not, for that reason, become invalid.

IDEM—POSSESSION OF PROPERTY NOT TAKEN—LIEN GOOD.—The mortgagee of personal property does not, in the absence of fraud, lose his lien thereon merely by failing to take possession of the property when the debt falls due. (Syllabus by BIGELOW, C. J.)

APPEAL from the District Court of the State of Nevada, Eureka county; *A. L. Fitzgerald*, District Judge:

Action by J. C. Streeter against Hiram Johnson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts sufficiently appear in the opinion.

*W. E. F. Deal* and *Thos. Wren*, for Appellants:

I. Among the other safeguards provided in the chattel mortgage law of this state is a requirement that the mortgage shall be recorded in each of the counties in which the property is situated, otherwise the mortgage is declared

invalid and void. How is the phrase "all property of a personal nature in either of said counties" to be construed? Manifestly it means all personal property of the company in each of the counties. The mortgage was not recorded in Elko county, where a part of the property was situated, and, under the provisions of the statute, is invalid and void. (Gen. Stats., sec. 2635.)

II. The allegation in the complaint is that the property described in the complaint was situated at the town of Sherwood when the mortgage was executed. This, it is clear from the language of the mortgage, did not embrace the property in Elko county when the mortgage was executed. It therefore appears upon the face of the complaint that the mortgage is invalid and void.

III. The affidavit annexed in the mortgage is insufficient. It does not show authority upon the part of G. F. Talbot to make it, or that it was made on behalf of the mortgagee. The mortgage is therefore invalid and void. (Gen. Stats., sec. 2635.)

IV. The act passed at the last session of the legislature allows an appellant to have the original papers in a case in lieu of a statement on appeal certified to this court on appeal. No doubt, under this statute, papers may be sent up that will not be considered by the court, but the court can readily determine what papers should be considered, and what should not be considered, without passing upon a motion to strike out.

V. No mortgage was given until the note had been overdue twenty-one days, and nearly three months after the making of the note. In the meantime the company was enjoying a false credit through the non-execution of the mortgage, and was able to obtain a credit that they would not otherwise have been able to secure. Under the circumstances I submit that both the mortgagor and mortgagee committed a constructive fraud that vitiated the mortgage as to creditors. (Anderson's Dictionary of Law, p. 475; *People v. Kelley*, 35 Barb. 457.)

VI. The plaintiff lost his lien as against creditors by laches. He failed to take possession of the mortgaged property or to assert his right as mortgagee until long after the

note fell due. (*Traverse* v. *McCormack*, 1 Mont. 143; *Burnham* v. *Muller*, 61 Ill. 453; *Argall* v. *Seymour*, 4 McCreary, U. S. C. C. 55.)

VII. It is clear that the trustees, whoever they were, never legally executed the note or mortgage, and that, for want of authority in those who assumed to execute it, it is absolutely null and void. (*Hillyer* v. *Overman S. M. Co.*, 6 Nev. 51; *Yellow Jacket Co.* v. *Stevenson*, 5 Nev. 224.)

VIII. The description of all of the property, except the articles specifically described in the so-called mortgage, is so indefinite and uncertain that the instrument is invalid and void as to creditors. It reads as follows: " Also all other property of a personal nature belonging to said mortgagor situated in either of said counties." (Jones on Chattel Mortgages, sec. 55, 55a, and authorities therein cited.)

*E. S. Farrington*, for Respondent:

I. In accordance with the motion filed herein, all of the papers and documents hereinafter enumerated should be stricken from the records and files herein, on the ground that neither or any of said papers or documents have been or are included in the statement on motion for a new trial, or have been endorsed by the, or any, judge or clerk as having been read or referred to on the hearing of the motion for new trial herein, or are designated by the, or any, judge in his certificate, or otherwise, as having been read or referred to on the hearing of said motion.

II. The mortgage set out in the complaint was introduced in evidence without objection. No motion for non-suit was made, nor was there any motion to strike out the mortgage or any other testimony now of record. The defendants should have made their objections to the mortgage at the time it was offered in evidence. The mortgage was offered as the mortgage of the Star Mining and Smelting Company to the plaintiff, and it purports on its face to be such. Permitting the mortgage to be introduced in evidence without making the objections that the mortgage was executed without authority, that the mortgage had been altered in material points after its execution, that the seal affixed to the mortgage was not the seal of the corporation, and that no affi-

davits in behalf of the mortgagor or mortagee were affixed
to the mortgage, is a waiver of such objections. The seal
was admitted to be the seal of the Star Mining and Smelt-
ing Company by defendant's failure to object to the admis-
sion of the mortgage. The seal being thus proven, the
presumption is that it was affixed by competent authority.
All proofs of the execution were waived by admitting the
mortgage without objection. (*Sharon* v. *Minnock*, 6 Nev.
380; *Langworthy* v. *Coleman*, 18 Nev. 441; *Burnett* v. *Lyford*,
93 Cal. 114; *Penn. Nat. Gas Co.* v. *Cook*, 16 Atl. 762; *Ham-
ilton* v. *McLaughlin*, 12 N. E. 424; *Sherwood* v. *Sissa*, 5 Nev.
355.)

III. The objection that the affidavit annexed to the mort-
gage is insufficient because it does not show authority upon
the part of G. F. Talbot to make it, or that it was made on
behalf of the mortgagee, is wholly without merit, as it is
alleged in the complaint, and not denied in the answer,
"that there was annexed to said chattel mortgage the affi-
davit of G. F. Talbot, on behalf of this plaintiff,  *   *   *
setting forth that at the time of making the affidavit said
Talbot was the agent of this plaintiff and that this plaintiff
was absent from the state of Nevada." The statute of 1887,
p. 66, requires that there shall be annexed to the mortgage
"the affidavits of the mortgageor or some person in their
behalf."

IV. The fact that a mortgage has been antedated does
not affect its validity. (*Johnson* v. *Stellwagen*, 34 N. W. 252.)

V. The description, "all other property of a personal
nature belonging to said mortgagor which is situated in ·
either of said counties," means all property of the mort-
gagor which is situated in Eureka county, and all property
so owned which is situated in Elko county. This description
is neither indefinite nor uncertain. This description, aided
by inquiries, which the instrument itself suggests, would
enable any third person to identify the property. (*Buck* v.
*Davenport*, 26 Am. St. R. 392; *Barrett* v. *Fisch*, 14 Am. St. R.
239–247; Jones on Chattel Mortgages, sec. 54; *Crisfield* v.
*Neal*, 13 Pac. 272; *Bank* v. *Bryan*, 34 S. W. 451.)

VI. It is true that at the time the money was loaned
there was an understanding between Lindsey and Potter on

the one hand, and Mr. Streeter's agents on the other, that a mortgage should be given, and by accepting and using the money, the corporation ratified the understanding. But it was necessary thereafter to call a meeting of the directors to execute the mortgage. It is neither alleged in the answer, or shown in the record, that there was any agreement or request that the execution of the mortgage should be delayed, or that it was delayed, in order to give the company a false credit. A creditor complaining of fraud must show that he has been defrauded, and the burden of proving fraud is on him who alleges it.

VII. The plaintiff did not lose his lien by failing to take possession of the mortgaged property when the notes became due. It is alleged in the complaint, and not denied in the answer, that the debt has never been paid, and there can be no question but that the mortgage was given in good faith. "The possession of the mortgagor after the law day is neither conclusive evidence of fraud, nor *prima facie* evidence of it, nor a circumstance to which the law attaches the presumption of payment." (Jones on Chat. Mortgages, sec. 369, and cases cited; *Spraights* v. *Hawley*, 39 N. Y. 441; *Wescoat* v. *Crawford*, 22 S. E. 792–801; *Mitcham* v. *Schuessler*, 13 S. E. Rep. 617; *Brown* v. *Campbell Co.*, 21 Am. St. R. 274; *Peckinbaugh* v. *Quillan*, 12 N. W. 105; *Pyeatt* v. *Powell*, 51 Fed. 551; *Williams* v. *Dobson*, 1 S. E. 422.)

By the Court, BIGELOW, C. J.:

Action of replevin for certain personal property described in the complaint, or for its value in the sum of $3,000, in case delivery cannot be had, to the possession of which the plaintiff claims to be entitled as mortgagee, under the following circumstances:

July 21, 1887, the Star Mining and Smelting Company, a Nevada corporation, having its principal place of business in the town of Sherwood, Eureka county, Nevada, borrowed from the plaintiff $3,000, for which it executed and delivered its promissory note, due 60 days after date. It was at the same time agreed that the company should secure the payment of the note by a mortgage upon its property. October 12, 1887, the mortgage in question was executed and deliv-

ered pursuant to that agreement, but it was dated July 21, 1887, to correspond with the date of the note. It was filed for record with the county recorder of Eureka county on October 13, 1887.

Some time in December, 1887, the defendant Sweeney, as sheriff, and the other defendants as creditors of the Star Mining Company, attached and took possession of a portion of the property described in the complaint, and it was subsequently sold under an execution issued upon a judgment obtained in that action.

In this action judgment was given for the plaintiff for a portion of the property, and defendant's appeal from the judgment, and from an order overruling a motion for new trial.

There are a number of papers, including the findings, contained in the record which has finally reached this court, which the respondent moves to strike out as not properly included in the record of appeal. They are not contained in the statement on motion for new trial, nor are they certified as having been used or referred to on the hearing of the motion, and most of them are entirely immaterial.

It has been decided so many times that the findings are not before the court, unless included in the statement for new trial, that there can now be no question upon the point, unless, as contended by appellant, the rule has been changed by Stats. 1895, 58, in the act regulating appeals. But in regard to that act, it seems only necessary to call attention to the language used in *Holmes* v. *Iowa Mining Co.*, 23 Nev. 24. We then said: "It is not improper to call attention to the fact that the statute mentioned has in no wise altered the method of presenting questions to the supreme court. Wherever a motion for new trial or statement on appeal was previously necessary to their proper presentation, it is still necessary. The only difference is that, instead of having to present a transcript of the papers to be used on appeal, the originals may now be certified up."

The motion to strike out will therefore be granted.

1. A copy of the mortgage is attached to and made part of the complaint, and appellants' counsel contends that it is insufficient in several particulars, and that, therefore, the

complaint does not state facts sufficient to entitle the plaintiff to a judgment for the possession of the property. The first objection is that the property is insufficiently described. Upon that point the mortgage reads as follows: "That said mortgagor mortgages to the said mortgagee all that certain personal property situated and described as follows, to wit: two work mules, one gig, one two-horse wagon, etc." (Here follows an enumeration of a large number of articles, after which the description concludes as follows:) "All of said property is at the town of Sherwood, or Union, in Union mining district, in either Elko county or Eureka county, in the state of Nevada, and on or near the boundary line between said counties. Also all other property of a personal nature belonging to said mortgagor which is situated in either of said counties." It appears that some of the property for which the plaintiff recovered judgment was not specifically described in the mortgage, and was only covered by the general clause of "all other property of a personal nature belonging to said mortgagor which is situated in either of said counties." We think, however, that this was sufficient. It would often be impossible to so describe personal property that a mere inspection of a mortgage would indicate, to one unacquainted with the circumstances surrounding the parties, what was covered by it, and, bowing to the necessity of the case, the rule has been established that it is unnecessary to do so. The fact that the description was general, instead of specific, is no valid objection of itself. (*Veazie* v. *Somerby,* 5 Allen, 280; *Thurber* v. *Minturn,* 62 How. Pr. 27.) If a description is such as to enable third parties who have examined the records, and made such inquiries as the instrument itself suggests, to identify the property covered thereby, it is sufficient. (1 Cobby, Chat. Mort., sec. 161.) Tested by these rules, this mortgage is not invalid. It covered all property of a personal nature then belonging to the company, in either of those counties. This suggested the proper inquiry. The ascertainment of the facts concerning the company's ownership of any particular article at once determined whether it was covered by the mortgage. This was sufficient.

2. The mortgage was not invalid because not recorded in

Elko county. If not recorded there, it would not affect property there situated, but this would be no reason why it should also be invalid in Eureka county, where it was recorded.

3. The statute does not require that the affidavit attached to the mortgage, when made by some one in behalf of the parties, shall state that fact. The complaint alleges, and the answer does not deny, that the affidavit of G. F. Talbot was made in behalf of the mortgagee. That is all that the law requires. Other objections are suggested to the complaint, but we are of the opinion that they are not well taken, and it is unnecessary to notice them further.

4. There was no misjoinder of parties defendant, and the judgment against all of the defendants was proper. Johnson, Remington and Foley were attaching creditors of the Star Mining Company, and if they did not authorize the seizure of the property in the first instance, it is perfectly clear that they subsequently ratified it. Their agent in the management of the suit attended the execution sale, directed how the property should be sold, and bought in a portion of it for those defendants. This made them jointly liable with the sheriff for the trespass. (Freeman, Ex., 2d ed., sec. 273; *Elder* v. *Frevert*, 18 Nev. 446.)

5. There was no objection to the introduction of the mortgage in evidence. This constituted a waiver of the claim that its execution by the company had not been sufficiently proven. (*Sharon* v. *Minnock*, 6 Nev. 380; *Langworthy* v. *Coleman*, 18 Nev. 441.)

6. Nor do we think that the fact that the mortgage, although agreed upon when the note was given and the money borrowed, was not executed until after the note fell due, renders it invalid as to these defendants. It is not shown that the company's indebtedness to the defendants was incurred between those dates, and, for aught that appears, it may have wholly accrued prior to July 21, or subsequent to October 13, 1887. It is clear that the debt secured by the mortgage was an honest one, and it is neither alleged nor proven that the delay was the result of any agreement or arrangement to keep it from the knowledge of the public, and thereby give the company a credit it would not otherwise have had, nor that it had this effect. Although bearing an

earlier date, and although previously agreed upon, it was not a valid mortgage until acknowledged and sworn to and delivered, which the official certificates and other evidence show was not done until October 12, the day before it was recorded. Had other creditors before that time obtained a mortgage or levied upon the property, their lien would certainly have been prior to the plaintiff's mortgage. The delay simply gave them additional opportunity to secure themselves, and we see no reason for holding that it invalidates the mortgage.

The plaintiff did not lose his lien by his failure to take possession of the property before its seizure by defendants. Our statute providing for chattel mortgages, as amended (Stats. 1887, 66), contains no requirement that the mortgagee must take possession of the property within any particular time. In that respect such a mortgage does not seem to differ from one upon real estate. In fact, the principal purpose of the amendment mentioned seems to have been to abrogate the time limitation previously existing upon such mortgages, and to assimilate them to real estate mortgages. Such a mortgage is merely security for the payment of a debt (*Shoecraft* v. *Beard*, 20 Nev. 182), and, although under the principles applicable to them, the mortgagee is entitled to the possession of the property upon default being made, there is nothing that requires him to take it at any particular time, nor that, in the absence of fraud, makes his delay in so doing fatal to his claim. Such is the conclusion announced by other courts under similar statutes, and we see no reason to doubt its correctness. (*Wescoat* v. *Crawford*, 22 S. E. Rep. 792, 801; *Spraights* v. *Hawley*, 39 N. Y. 441; Jones, Chat. Mort., sec. 369.) In *Mitcham* v. *Schuessler*, 98 Ala. 635, 638, the court said: "Indulgence for an unreasonable time after the law day of a mortgage is a circumstance which the jury may consider, in connection with other facts, in determining the *bona fides* of a mortgage in its inception, or as to whether the secured debt has been satisfied. But if the mortgage is *bona fide*, and the debt secured has not been paid, no indulgence to the mortgagor, although the effect of such indulgence be to protect the debtor in the possession and enjoyment of the property, will affect the validity of the mortgage security. In such cases the only remedy of the

mortgagor is to redeem, and his creditors can secure no rights." Cases where the contrary has been held, seem to have been decided under statutes differing from ours.

No errors appearing, the judgment will be affirmed. It is so ordered.