[No. 1585.]

## THE STATE OF NEVADA, RESPONDENT, *v.* VICTOR BOUTON, APPELLANT.

CRIMINAL LAW—PRACTICE ON APPEAL—DEFECTIVE CERTIFICATE—AMENDMENT. A motion to dismiss an appeal because of the insufficiency of the clerk's certificate attached to the record will be denied, where the appellant asks leave to have the defective certificate corrected, since such certificate under Rule VII of this court can be amended.

IDEM—IDEM—INSTRUCTIONS—FAILURE TO EXCEPT. Instructions given by the court of its own motion cannot be considered on appeal in the absence of exceptions thereto, since, under Comp. Laws, 4391, only instructions presented and given or refused need not be excepted to or embodied in a bill of exceptions.

IDEM—IDEM—IDEM—RECORD. Instructions based on evidence not embodied in the bill of exceptions cannot be considered on appeal.

IDEM—LARCENY—PROPERTY BROUGHT FROM OTHER STATE. Where a party commits larceny in one state and carries the stolen goods into another state, and there makes any removal or asportation of them with intent to steal the same, he may be properly indicted and tried for the larceny in the latter state.

APPEAL from the Fifth Judicial District Court, Humboldt County; *S. J. Bonnifield, Jr.,* Judge.

Victor Bouton was convicted of grand larceny, and from the judgment and an order denying his motion for a new trial, he appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*H. Warren, J. F. Dennis, B. L. Hood,* and *D. S. Truman,* for Appellant:

I. The sixth instruction given by the court in this case of its own motion is foreign to the issues. It is an abstract proposition of law so far as the same refers to a larceny in any other place or county than in Humboldt, and the same

even then does not correctly state the law. Under the issues in this case, and the rulings of the court, this instruction as given could only tend to and actually did mislead the jury, and was highly prejudicial to the rights of the defendant. Before the defendant here could be connected with this crime, if one was committed, and convicted under the indictment, it would have to be found that he did every act going to make the completed crime, in this state and in the county of Humboldt, and, as a matter of law and fact, whatever may have transpired in another state in regard to the same could have no tendency to prove the commission of the crime here unless it were first shown that the defendant charged with such a crime took the property originally in the other state, and there never was any pretense in this case that such was the fact.

II. It is true it is competent to show a person who has in his possession, in this state, property which he is shown to have stolen in another state, that the relations of the party to the property here have not changed, and right here is where we believe the court committed error in giving this instruction, viz: It authorizes the jury to presume that the defendant had something to do with the original taking of the animal mentioned in the indictment, in the State of California, and in bringing it into Humboldt county and there performing the acts which the court instructs would constitute a larceny in that county. If it does do this, then the instruction is erroneous under the rulings of the court when it sustained the objection of the state to the question asked of witness McKissick. By this ruling the court excluded the proposition of whether or not the animal was originally stolen in California by anyone whatsoever, and was then brought to this state and county from that state, or whether this defendant had any hand therein.

III. The attorney-general, in his statement to the court on the trial, says: "It makes no difference where the animal was originally taken. It is where it is found with intent to steal, take or drive away in this case, without the knowledge and consent of the owner." This comes pretty near stating the law of the case, and shows that this instruction should not have been given at all under the state's theory of the case, or

upon any other theory. It could not help but mislead the minds of the jury and direct them to a false issue in the case, especially when the instructions are taken together as a whole, as Instruction No. 6 points to the effect of the recent possession of stolen property, and although there was absolutely no evidence in the case to warrant it. The jury could easily, under this instruction, have taken the position that because Bouton was found in the possession of this animal, which for the purposes of this argument will be admitted was stolen, that because he did not give an explanation of how it came from California, they would be and were justified in convicting him. There can be no question but what such an instruction in a case of this kind would be misleading to any jury, even if it correctly stated the law.

IV. There was no attempt upon the part of the state to show that the defendant stole this animal in California, or in any other county in the State of Nevada other than Humboldt; therefore, this court can readily perceive the viciousness of directing the jury's attention to any such issue of law in this case. The rule in criminal cases is this: "A charge must meet and be strictly limited by the case set forth in the indictment; it must not go outside of and beyond the allegations." (*Tooney* v. *State*, 5 Tex. App. 163; *Nee Gee* v. *State*, 5 Id. 492; *Bacous* v. *State*, 18 Id. 15; *Mason* v. *State*, 7 Id. 623; 43 Id. 414; *State* v. *Walton*, 74 Mo. 271; *People* v. *Mulkey*, 65 Cal. 501.)

V. It might be claimed here that because the record itself shows that it does not contain all the material evidence given in the case that the court will presume that there was some other evidence given which made this instruction proper, but this is fully and completely answered by reference to the indictment in the case which alleges, as above stated, a completed offense in Humboldt county, exclusive and wholly disregarding any original taking in California or any other state, and by the evidence excluded by the court on the State's objection, *supra*, and is improper under any conditions that could legally arise upon this trial. In other words, the vice of the instruction, in this respect, rests upon the position that it does not cover any issue made by the indictment and plea

of defendant thereto. The court has heretofore adopted this view of the law. (*State* v. *Vaughan*, 22 Nev. 285, 10 Ins. P. 302.)

VI. This instruction is an incorrect statement of the law even were it pertinent. It will be seen that the court under the conditions mentioned in the instruction places the taking from another state and another county upon the same basis, and that basis is improperly made the foundation of the instruction, and does not correctly state the law. The court says: "If a person commits larceny in one county or state and carries the property stolen into another county or state, and then makes any removal or asportation of it having in his mind the intent to steal, he may be properly indicted and tried for the larceny of said property in the latter locality." What is this but a direct pointing of the minds of this jury to the fact that if the defendant stole the property in California and removed it to this state, and then made any removal or asportation of it having the intent to steal, he could be convicted in this state. Certainly such is not the law, but it is the law that he must do every act in this state which would fully constitute the completed crime, but if it was stolen in one county and taken into another county in the state the court could see the continued relation of the party to the property and to the crime, and that the title being in the true owner, every moment's continued possession feloniously is a new crime under the same law.

VII. After a careful investigation of this instruction, it will be found that one of the essential elements which go to constitute the completed crime where the property is taken abroad and found in the possession of the party within the jurisdiction which is seeking to punish, when it is not clearly shown that the person in whose possession it may be found, did the taking abroad is wholly omitted here, and that is, that the defendant's acts done here were done "with the knowledge of the ownership being in another." The theory of the defense, sustained by evidence, was that defendant had purchased this property *bona fide*, and paid a valuable consideration for this animal, among others, and had committed no larceny at all, at any place whatever.

*W. D. Jones*, Attorney-General, for Respondent:

I. The record shows, by the judge's certificate, that it does not comprise all of the testimony given, and that other witnesses were sworn and gave testimony, and that other and material evidence was offered, given and admitted in the case. This being so this court cannot examine the case on the merits. It is fundamental that every presumption is in favor of the judgment of conviction, and before appellant can avail himself of error he must affirmatively show it. No presumption is indulged in favor of error. If there is any evidence to support it, the judgment will not be reversed. (*State* v. *Huff*, 11 Nev. 17; *State* v. *Glovery*, 10 Nev. 24; *State* v. *Crozier*, 12 Nev. 300; *State* v. *Raymond*, 11 Nev. 98; *State* v. *Mills*, 12 Nev. 403; *State* v. *McGinnis*, 6 Nev. 109.)

II. Instruction No. 6 complained of was taken, word for word, from *State* v. *En*, 10 Nev. 281, except the last nine words of it. (See, also, *People* v. *Ah Ki*, 20 Cal. 178; *People* v. *Gill*, 45 Cal. 286.)

III. The objection to Instruction No. 8 is as follows: "The court erred in giving Instruction 8, in this, that it did not correctly state the law concerning property stolen in another state as applied to the facts and circumstances of the case at bar." At page 264 the court certified that as to "the instructions given to the jury by the court of its own motion, neither party objecting or excepting thereto." Instruction 8 was one of the instructions given by the court of its own motion. Unless the instruction was excepted to by appellant at the time it was given he cannot be heard to object to it now. (*State* v. *Burns*, 8 Nev. 251; *Wilkinson* v. *Parrott*, 32 Cal. 105; *Mallet* v. *Swain*, 56 Cal. 171; *Hicks* v. *Coleman*, 25 Cal. 146.)

IV. But, aside from the fact that the court's instruction was not excepted to by appellant, it correctly states the law. (*State* v. *Newman*, 9 Nev. 48; 1 Bishop Crim. Law, 108.)

V. The proof showed that defendant stole fifty-seven head of cattle from Lassen county, California, drove them to Egbert Camp in Limbo range in Humboldt county, Nevada, then mutilated the brands on the cattle by changing them, changed the earmarks, tried to sell them to F. A. Preston of Lovelock, then drove them to a point five or six miles east of

Lovelock, showed them to J. H. Theis, and sold fifty-three of them to Theis for $14 per head, and delivered them into his pasture, where Howard McKissick found, identified and recovered the cattle, and that the steer described in the indictment was born and raised the property of Howard and Jacob McKissick in Lassen county, and was with the stolen cattle all through the transaction, and was produced at the trial, slaughtered, and his hide produced as a witness in the case. From the testimony it will be seen that it was impossible to trace the steer described in the indictment through all the transactions from the time he was stolen in Lassen county to his recovery by McKissick from Theis in Humboldt county, without also tracing and connecting the other cattle, and also the brands of the various cattle in company with the steer. But whether this be so or not the defendant waived all objections to the testimony as to the different brands.

By the Court, BONNIFIELD, C. J.:

The defendant was convicted of the crime of grand larceny in the Fifth Judicial District Court, in and for Humboldt county, and was sentenced to the state prison for the term of seven years. He appeals from the judgment, and the order of the court denying his motion for a new trial. The respondent moves for a dismissal of the appeal on several grounds, one of which is that the certificate of the clerk, attached to what purports to be the record, is insufficient. The appellant asks leave to have the record properly certified. As the certificate can be amended, under Rule 7 of the supreme court, the motion to dismiss is denied. The other grounds of the motion to dismiss need not be noted here.

The papers that constitute the record in a criminal case, under Sections 4415, 4445, Comp. Laws, were attached together, and filed with the clerk of this court. We will regard them as though they were properly certified, as there is no intimation that they are not what they purport to be. We again call attention to "An act regulating appeals to the supreme court" (Comp. Laws, 3862), and to the several decisions of this court as to the proper authentication of the record on appeal. (*Holmes* v. *Mining Co.*, 23 Nev. 23; *Streeter* v. *Johnson*, 23 Nev. 194; *Peers* v. *Reed*, 23 Nev. 404;

*Becker* v. *Becker*, 24 Nev. 476.) It is the duty of the appellant in all appeals to furnish this court with a record properly certified. When proper attention is paid to the above statute, motions to dismiss appeals on the ground of defective certificates, and motions for leave to withdraw the records for the purpose of having them properly certified, will not be of such frequent occurrence as heretofore, and delay and unnecessary expense with respect thereto will be avoided.

*Indictment:* The indictment charges that the defendant on the 1st day of July, A. D. 1899, or thereabout, at the county of Humboldt, State of Nevada, did feloniously steal, take, and drive away one steer, of the personal property of Howard McKissick and Jacob McKissick. There is evidence tending to show that said steer, together with fifty head of other neat-foot cattle, of the personal property of Howard McKissick and Jacob McKissick, were stolen in Lassen county, State of California, and driven to the "lava beds," in Humboldt county, State of Nevada; that said steer and said other cattle were plainly marked and branded with the lawful marks and brands of said Howard and Jacob McKissick in said Lassen county; that at said lava beds the defendant claimed to be the owner of all of said cattle, and claimed that he brought them from California; that the defendant, at said lava beds, marked and branded all of said cattle with marks and brands he claimed to be his own, and in such manner as to obliterate the earmarks and partially to obliterate the said brands of McKissick on said cattle; that at said lava beds the defendant, after his said marking and branding of said cattle, tried and offered to sell all of said cattle to F. A. Preston; that defendant subsequently drove the fifty-one head of said cattle belonging to said Howard and Jacob McKissick, including said steer, from said lava beds, a distance of fifty miles, to a point in said Humboldt county five miles east of Lovelock, and there sold all of said cattle, including said steer, to J. H. Theis, for $14 per head, and delivered all of them to said Theis at his ranch in said Humboldt county; that defendant at the time he so sold said cattle to Theis claimed that he had raised said cattle on Willow creek, in said Humboldt county; that upon the said delivery of said

cattle to Theis the defendant received said sum of $14 per head, and soon after left the state.

There is a great deal of other evidence in the record tending to show the guilt of the defendant of the felonious stealing, taking, and driving away said steer in Humboldt county as charged in the indictment.

*Instructions:* The court, of its own motion, gave Instruction No. 6, relative to property recently stolen, and found in the possession of the person accused of the theft, and also Instruction No. 8, to the effect that if a person commit a larceny in one county or state, and carries the property stolen into another county or state, and there makes any removal or asportation of it with intent then and there to steal the same, he may be properly indicted and tried for the larceny of the property in the latter place. Counsel argue at great length that said instructions are erroneous. It would be sufficient to say that the record shows that no exception was taken to the giving of either of said instructions. It is only the instructions presented and given or refused that need not be excepted to or embodied in a bill of exceptions. (Comp. Laws, 4391; *State* v. *Forsha*, 8 Nev. 137; *State* v. *Burns*, 8 Nev. 251; *State* v. *Rover*, 11 Nev. 343.)

But Instruction No. 6 is clearly correct, under the decision in *State* v. *Clifford*, 14 Nev. 72; *State* v. *I. En*, 10 Nev. 277;

And No. 8 is supported by *State* v. *Newman*, 9 Nev. 48, and other authorities.

The bill of exceptions shows that it does not contain all of the material testimony and evidence given in the case. The defendant offered certain instructions which were refused, and the refusal is assigned as error. Counsel claims that said instructions were based on certain evidence given in the case, but which is not embodied in the bill of exceptions. We cannot consider such instructions.

Other instructions were offered by defendant and refused, and we think they were properly refused. Some of them assumed the existence of a fact, while others stated erroneous propositions of law. The jury were fully and properly instructed by the court on all material matters involved in the case.

Finding no error in the record, the judgment and order appealed from are affirmed.