[No. 1845]

## THE STATE OF NEVADA, RESPONDENT, v. F. B. HILL, APPELLANT.

1. CRIMINAL LAW—APPEAL—DEFECTIVE TRANSCRIPT ON APPEAL—NECESSITY OF PROCEEDINGS TO CORRECT.

　　Though the supreme court has adopted a liberal practice in granting applications to amend defects in transcripts, where no move is made pursuant to supreme court rule 7 to obviate a valid objection to a transcript, there is no other alternative than to sustain the objection.

2. CRIMINAL LAW—FILING BILL OF EXCEPTIONS AS PART OF THE RECORD.

　　A bill of exceptions, when properly settled, should be filed as required by Comp. Laws, 4390, 4415, and it then becomes a part of the record.

3. CRIMINAL LAW—TRANSCRIPT ON APPEAL—PARTIAL CERTIFICATION.

　　Where the record of an appealed case is in two volumes, only one of which is certified "to be a true and correct transcript of the appeal herein," the supreme court can only consider the volume so certified.

4. CRIMINAL LAW—RECORD ON APPEAL—INSTRUCTION GIVEN ON COURT'S OWN MOTION.

　　In view of Comp. Laws, 4415, enumerating the bill of exceptions and the written charges asked of the court among the papers required to be filed as a part of the record in a criminal case, but not expressly mentioning instructions given by the court of its own motion, such instructions are not a part of the record on appeal unless embodied in the bill of exceptions.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers*, Judge.

F. B. Hill was convicted of embezzlement, and he appeals.
**Affirmed.**

The facts sufficiently appear in the opinion.

*Thomas B. Flanagan*, for Appellant.

*R. C. Stoddard*, Attorney-General, for Respondent.

By the Court, NORCROSS, C. J.:

The appellant was convicted of the crime of embezzlement by bailee, and sentenced to be confined in the state prison for the term of one year. From the judgment and from an order denying a motion for a new trial, he appeals.

The record in this case filed by the clerk of the court is in two volumes, one of which, from inspection, is in the form of a bill of exceptions, but it does not appear therefrom that it was ever filed in the action in the lower court, nor is it certified to in any respect whatever. To the other volume is attached a certificate reading as follows: "State of Nevada, County of Esmeralda—ss: I, Joseph Hamilton, clerk of the County of Esmeralda, State of Nevada, and ex officio clerk of the District Court of the Seventh Judicial District of the State of Nevada, in and for the County of Esmeralda, do hereby certify that the within and foregoing transcript on appeal herein is true and correct, and a true and correct record of the proceedings herein, and that the indictment, demurrer to indictment, instructions to jury by the court, instructions at request of defendant's counsel, verdict, motion in arrest of judgment, minutes of the court, commitment, order, notice of appeal, are true and correct and original record in my office, and this is a true and correct transcript of appeal herein. Witness my hand and seal of said court this 30th day of June, 1909. Joseph Hamilton, Clerk, by Benj. Rosenthal, Deputy Clerk."

It will be observed from the foregoing certificate that it does not attempt to cover the other volume of the record. The attorney-general, in pursuance of the provision of rule 8 of this court, has interposed a number of objections to the transcript on appeal affecting the right of appellant to be heard upon the points discussed in the brief, only one of which objections we deem necessary to consider, to wit: "(4) That the pretended record or transcript on appeal has not been duly authenticated or certified by the clerk of the district court in the manner prescribed by law, and that a portion of the record or transcript on appeal has not been authenticated or certified by the clerk of the district court in any way or manner, and the same is totally uncertified and unauthenticated, and is of no legal force or value."

Rule 7 of this court provides: "For the purpose of correcting any error or defect in the transcript from the court below, either party may suggest the same, in writing, to this court, and, upon good cause shown, obtain an order that the proper clerk certify to the whole or part of the record, as may be required, or may produce the same, duly certified, without such order."

In spite of the fact that the objection was properly raised to the consideration of this uncertified volume of the record, no attempt was made to remedy the defect. This court has adopted a liberal practice in the granting of applications to amend defects in transcripts, but where no move is made to obviate a valid objection, there is no other alternative than to grant it.

A bill of exceptions, when properly settled, should be filed, and it then becomes a part of the record of the action. (Comp. Laws, 4390, 4415; *State* v. *Ah Mook*, 12 Nev. 369; *State* v. *Rover*, 13 Nev. 17; *State* v. *Bouton*, 26 Nev. 34.) In the case of *State* v. *Bouton*, *supra*, this court said: "The papers that constitute the record in a criminal case, under sections 4415, 4445, Comp. Laws, were attached together, and filed with the clerk of this court. We will regard them as though they were properly certified, as there is no intimation that they are not what they purport to be. We again call attention to 'An act regulating appeals to the supreme court' (Comp. Laws, 3862), and to the several decisions of this court as to the proper authentication of the record on appeal. (*Holmes* v. *Mining Co.*, 23 Nev. 23; *Streeter* v. *Johnson*, 23 Nev. 194; *Peers* v. *Reed*, 23 Nev. 404; *Becker* v. *Becker*, 24 Nev. 476.) It is the duty of the appellant in all appeals to furnish this court with a record properly certified. When proper attention is paid to the above statute, motions to dismiss appeals on the ground of defective certificates, and motions for leave to withdraw the records for the purpose of having them properly certified, will not be of such frequent occurrence as heretofore, and delay and unnecessary expense with respect thereto will be avoided."

It is clear that we can only consider the volume certified to be a "true and correct transcript of appeal herein." As we said in *Kirman* v. *Johnson*, 30 Nev. 151: "It may be contended

that it was the fault of the clerk in sending up a record of this kind; but, even if that be so in the strict sense of the law, nevertheless it would be better for counsel to see that clerks send up proper transcripts." If counsel in all cases will adopt the only safe practice of looking over transcripts on appeal and making certain themselves that they comply with the provisions of the statute, before they are transmitted to this court by the clerk of the lower court, they will not only avoid much trouble for themselves and this court, but will obviate largely the danger of their client's case not being heard upon its merits. Clerks are not usually lawyers, and unless they receive some assistance or direction in the preparation of transcripts upon appeal, errors are very apt to be made.

Counsel for appellant in his brief has argued two questions, which, if they could be considered, present substantially the same proposition of law. The first relates to the construction to be placed upon a contract under the provisions of which the property alleged to have been embezzled was delivered to the defendant; and the second, to an instruction given by the court of its own motion. The contract is not in the record certified to this court, and hence is not before us for consideration. The instruction complained of was never included in a bill of exceptions either certified to this court or otherwise. This court has repeatedly held that instructions given by the court of its own motion are not a part of the record on appeal unless embodied in a bill of exceptions. (Comp. Laws, 4415; *State* v. *Ah Mook*, *supra*; *State* v. *Forsha*, 8 Nev. 137; *State* v. *Burns*, 8 Nev. 251; *State* v. *Rover*, *supra*.) The distinction which the statute makes between instructions "asked" for and those given by the court of its own motion (Comp. Laws, 4415) is not, in my judgment, based upon any substantial reason, and is wholly arbitrary. If the legislature will amend the section so that the clause which now reads, "Seventh— The written charges asked of the court, if there be any," will be made to read: "Seventh—The written charges given and refused by the court"—the practice will be simplified, and this court will not be required so frequently to hold that it cannot review instructions actually given by the court.

As no error appears in the record properly before us, the judgment must be affirmed.

It is so ordered.