[No. 2487]

# THE STATE OF NEVADA, RESPONDENT, v. THOMAS J. GREEN, APPELLANT.

[202 Pac. 368]

1. CRIMINAL LAW—INSTRUCTIONS SHOULD BE SO UNEQUIVOCAL THAT JURY CAN HAVE NO DOUBT OF SIGNIFICANCE.

Instructions should be so unequivocal that a jury of laymen can experience no doubt as to their significance.

2. LARCENY—INSTRUCTION THAT POSSESSION MUST BE ACTUAL, RECENT, AND UNEXPLAINED, IMPROPERLY REFUSED.

In a prosecution for larceny, where the evidence showed that the stolen property was found in defendant's cabin about four months after the theft, during a greater portion of which time the cabin was insecurely fastened, so that any one might have entered and placed the property therein, and defendant testified he did not steal the property and did not know it was in his cabin, the court erred in refusing to instruct that, before defendant could be convicted because of his possession of such property, three conditions must coexist, namely: (1) The possession must be actual; (2) recent after the theft; and (3) unexplained—and that, if defendant made a reasonable and satisfactory explanation of his possession, no inference of guilt can be drawn therefrom; defendant by his plea of not guilty having put in issue every element of the offense charged.

3. LARCENY—WHETHER DEFENDANT'S POSSESSION OF STOLEN PROPERTY IS RECENT IS FOR JURY.

In a prosecution for larceny, whether defendant's possession of the stolen property is recent after the theft is for the jury.

4. CRIMINAL LAW—REFUSAL OF INSTRUCTION AS TO DEFENDANT'S POSSESSION OF STOLEN GOODS HELD ERROR THOUGH INCLUDED IN INSTRUCTION GIVEN.

In a prosecution for larceny, the court's refusal to instruct that defendant's possession of the stolen property must have been actual, recent after the theft, and unexplained, and that, if defendant made a reasonable and satisfactory explanation thereof, no inference of guilt can be drawn therefrom, was prejudicial error, though the point as to satisfactory explanation was included in an instruction given; such fact not obviating the necessity of instructing as to recent possession.

APPEAL from Third Judicial District Court, Lander County; *Peter Breen,* Judge.

Thomas J. Green was convicted of grand larceny, and he appeals. **Reversed.**

*Frame, Morgan & Raffetto,* for Appellant:

The judgment should be reversed for error in giving and refusing certain instructions, and because of the insufficiency of the evidence to support the verdict. The assumption by the court in his charge in a criminal case that any material fact upon which there is any conflict is proved is error. State v. Duffy, 6 Nev. 138; People v. Bonds, 1 Nev. 33; State v. Hawkins, 7 Nev. 459; State v. Tickel, 13 Nev. 511; State v. Warren, 18 Nev. 459; Allen v. U. S., 3 Okla. Crim. 61; People v. White, 251 Ill. 75; State v. Scott, 37 Nev. 431. To warrant a conviction of larceny, possession of stolen property must be recent, exclusive, unexplained, and actual and personal. Each of these elements must be determined by the jury; they cannot be assumed by the court, or stated by him as a presumption of law. Smith v. State, 196 Pac. 420; State v. Gray, 23 Nev. 301; State v. Drew, 179 Mo. 315; People v. Hurley, 60 Cal. 74; 17 R. C. L. 73, 74; State v. Mandich, 24 Nev. 336; State v. Bryan, 19 Nev. 365; State v. Walters, 34 Pac. 938; Roberts v. State, 70 Pac. 803; People v. Cline, 16 Pac. 391; Van Straaten v. People, 56 Pac. 905.

*L. B. Fowler,* Attorney-General, and *Robert Richards,* Deputy Attorney-General, for Respondent:

The evidence fully justified the verdict. The court gave a general instruction on the point of the possession of the stolen property, in no way invading the province of the jury to determine whether or not certain facts had been proven. "In prosecutions for larceny the fact that the stolen property is, recently after the theft, found in the possession of the defendant, can always be given in evidence against him. The strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case, and is for the jury to determine." State v. Mandich, 24 Nev. 336. "The jury is not requested to accept defendant's

explanation, or the testimony of his witnesses, as to possession of stolen property." State v. Hiteman, 198 Pac. 769.

By the Court, COLEMAN, J.:

This is an appeal from a conviction of grand larceny. Appellant lived in a cabin about three miles from the residence of the owner of the stolen property. The case against appellant rests almost entirely upon the fact that the stolen property was found in his cabin about four months after it had been stolen. In September, when the property was stolen, appellant lived upon a small ranch, which he owned, and operated a line of traps covering a territory extending from twelve to fourteen miles from his cabin. In December he left his cabin and went to live temporarily with another man, about three miles from his own place. On January 9 this property was found in a cellar under the floor of his cabin. He testified that he did not steal the property, and did not know how it had got into the cabin cellar. He also testified that, prior to moving in the month of December, and while trapping, he stayed a good deal at two camps along his line of traps, and that he did not stay at his own cabin more than two nights during a week, and further that, prior to moving, the door to his cabin was generally so closed that any one could go in, and that about a week before his arrest he fastened the door by putting a chain through it and through the casing of the door, securing the two ends of the chain with a lock. His testimony as to the time of putting on the chain, and as to the method of fastening the door prior thereto, is not contradicted by the state.

Three grounds are relied upon for a reversal of the judgment: First, that the court erred in instructing the jury; second, that it erred in not giving a certain requested instruction; and, third, that the evidence does not justify the verdict.

The instruction given by the court, and now complained of, reads as follows:

"The jury is instructed that, in prosecutions for larceny, the fact that the stolen property is, recently after the theft, found in the possession of defendant, can always be given in evidence against him. The strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case, and is for the jury to determine."

1. It is asserted that by this instruction the court trenched upon the province of the jury, in that by the terms thereof it assumed that the defendant was in the possession of the stolen property. We do not deem it necessary to decide the force of this contention, in view of the fact that the judgment must be reversed because of the failure of the court to give a certain requested instruction, and in view of the further fact that upon another trial the court can so frame its instructions as to obviate this question arising again. Instructions should be so unequivocal that a jury of laymen can experience no doubt as to their significance.

2. We are now to consider whether the court erred in refusing to give the requested instruction referred to. Though far from being a model in form, it may be fairly said to state that, before a defendant who is charged with the larceny of property, and in whose possession it is alleged to have been found, can be convicted, three conditions must coexist, namely: (1) The possession must be actual; (2) it must be recent after the theft; and (3) it must be unexplained; and if the defendant makes an explanation of his possession that is reasonable, and consistent with innocence, and satisfactory to the jury, no inference of guilt can be drawn from such possession.

In view of the nature of the case as made by the state, and the theory and evidence of the defense, this instruction should have been given. The testimony on the part of the state is to the effect that the property in

question was found in the defendant's cabin, about four months after it had been stolen, during a greater portion of which time the uncontradicted evidence tends to show the cabin was insecurely fastened, and any one might have entered it and placed the property therein. Defendant testified that he did not steal the property and did not know it was in his cabin. By his plea of not guilty he put in issue every element of the offense charged, and which it was necessary to prove to establish a case against him, and it was the duty of the court to instruct, when so requested, that the essential elements of the crime must be proven before a conviction could be had:

3. The court did not in any other instruction charge the jury that, when a person is found in possession of stolen property and is charged with the larceny thereof, before there can be a conviction, the possession must be recent after the theft. Every text-writer upon the subject lays down the rule that before there can be a conviction of larceny, where the property stolen is found in the possession of the defendant, the possession must be recent after the theft. Such is the rule in this state. State v. En, 10 Nev. 277. See, also, Bishop, New Crim. Proc. sec. 742; 17 R. C. L. 73; 25 Cyc. 133; 18 Am. & Eng. Ency. Law, 488. Whether such possession is recent is a question for the determination of the jury. State v. Mandich, 24 Nev. 341, 54 Pac. 516.

4. As to the third point covered by the requested instruction, while good law, we think it was included in an instruction given by the court; but this fact did not obviate the necessity of instructing as to recent possession of the property; and the instruction as a whole, stating the law as it does, should have been given, and the refusal to give it was prejudicial error.

We do not think it necessary to pass upon the contention that the evidence is insufficient to sustain the judgment. We question, however, if any significance should be attached to the fact that the defendant paid the bills

and spent the money testified to, in view of the entire record.  He had been earning $90 a month, in a locality where he had little opportunity to spend money, and had not spent any, so far as appears, until just a few days prior to his arrest, and, so far as the evidence shows, no great amount then.  We may say, too, that it is quite a coincidence that the most active person in this prosecution is one who does not seem to have manifested any interest in it until after he had learned that he had been suspected of the crime.  If we were to consider the facts, naturally we would be led to inquire into the motive prompting his activity at so late a day.

For the reason given, the judgment is reversed.