[No. 2,580.]

# HUGH HARVEY *v.* WILLIAM D. RYAN, JAMES LYNCH, JOHN TANEY, AND MICHAEL BRESNAN.

"MINING CUSTOMS" AS AGAINST WRITTEN "DISTRICT MINING LAWS."—In an action for possession of a mining claim, where plaintiff relied upon a location under certain written rules adopted by the miners of the district some five years before, which did not require the posting of notices upon the claim at the time of location; and defendant offered to prove that there was a custom in the district requiring the posting of such notices; and the Court excluded the evidence on the ground that the written rules superseded any custom; *held*, that the exclusion of such evidence was error.

OBSERVED "MINING CUSTOMS" PREVAIL OVER DISREGARDED "DISTRICT MINING LAWS."—Section six hundred and twenty-one of the Practice Act makes no distinction between the effect of a "custom" or "usage," the proof of which must rest in parol, and a "regulation" which may be adopted at a miners' meeting and embodied in a written local law; and a custom reasonable in itself, and generally observed, will prevail as against a written mining law fallen into disuse.

"DISTRICT MINING LAWS"—WHAT GIVES THEM VALIDITY.—The rules adopted by the miners of a district acquire validity not from their mere enactment, but from the customary obedience and acquiescence of the miners following the enactment.

EXISTENCE OF "DISTRICT MINING LAW" A QUESTION OF FACT.—As the "mining law" of a district must not only be established but in force, it is void whenever it falls into disuse or is generally disregarded; and the question whether it is in force at a given time is one of fact for the jury.

APPEAL from the District Court of the Second Judicial District, Butte County.

This was an action to recover possession of certain mining ground in Sawmill Ravine, Cherokee Flat District, Butte County, and five hundred dollars damages for alleged illegal detention. The defendants answered, fully denying the allegations of the complaint, and setting up title in themselves. The cause was tried before a jury, and a verdict was rendered in favor of plaintiff for possession of the ground and one cent damages. Judgment having been entered in ac-

cordance with the verdict, and a new trial denied, the defendants appealed from the order.

*Belcher & Belcher*, for Appellants.

On the trial, defendants placed a witness on the stand and offered to prove by him, and several others, that, at the time plaintiff claimed to have located the ground, there was a custom in the mining district which required a party locating to post a notice of his claim upon the ground. The Court refused to permit the testimony to be given, on the ground that there were written rules in the district in force at that time. The evidence was clearly competent for the purpose of showing that a custom existed upon a subject not covered by the written rules, or that one had grown up subsequent to and in conflict with them.

*Haymond & Stratton*, for Respondent.

By the Court, NILES, J.:

This was an action of trespass involving the right to the possession of certain placer mining claims. The defendants claimed under a location purporting to have been made in May, 1858. The plaintiffs claimed a portion of the same ground under a location purporting to have been made in May, 1866.

It was proven at the trial that at a meeting of the miners of the mining district, held in November, 1861, certain written rules were adopted, regulating the manner of location and size of claims. These rules contained no requirement that notices should be posted upon the claims at the time of location. The defendants offered to prove by several witnesses that, at the time plaintiffs claimed to have located the ground, there was a custom in the mining district that required a party locating to post a notice of his claim upon the ground. The testimony was rejected upon

the ground that there were written rules in force in that locality, and that those rules superseded any custom in regard to locating claims.

In this class of cases the statute authorizes proof " of the customs, usages, or regulations established and in force at the bar or diggings embracing such claims," and declares that " such customs, usages, and regulations   *   *   *   shall govern the decision of the action." (Practice Act, Sec. 3, p. 621.) No distinction is made by this statute between the effect of a " custom " or " usage," the proof of which must rest in parol, and a " regulation " which may be adopted at a miners' meeting and embodied in a written local law. This law does not, like a statute, acquire validity by the mere enactment, but from the customary obedience and acquiescence of the miners following its enactment. It is void whenever it falls into disuse or is generally disregarded. It must not only be *established,* but *in force.* A custom, reasonable in itself, and generally observed, will prevail as against a written mining law which has fallen into disuse. It is a question of fact for the jury whether the law is in force at any given time.

The custom sought to be proven in this case was not even in conflict with the mining laws. It merely prescribed another and not unreasonable act in the series of acts required for a location. The exclusion of the evidence was error.

It is unnecessary to pass upon the validity of the instructions refused by the Court. The testimony comes up to this Court in such confused and unintelligible shape that it is impossible to learn from the record whether the instructions did or did not apply to the proofs presented.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice SPRAGUE did not participate in this decision.