[No. 1174.]

W. H. BOYD, Respondent, v. PETER ANDERSON, Appellant.

Appeal—Statement on Motion for New Trial—Findings.—Findings not embodied in the statement on motion for a new trial, and not referred to therein, except by a statement that the "findings of fact and conclusions of law are hereby referred to and made a part of this statement, and will be used upon the hearing of the motion for new trial," cannot be considered on appeal.

Appeal from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*A. C. Ellis*, for Appellant.

*Robert M. Clark*, for Respondent.

By the Court, Leonard. J.:

Plaintiff recovered judgment in this case. Defendant

moved for a new trial on the grounds: (1) Insufficiency of
the evidence to justify or support the findings and decision
of the court, and that such decision is against law; (2) that
the decision and judgment of the court are not supported by
the findings.

The findings are not embodied in the statement on motion
for a new trial. No reference to any findings of fact or con-
clusions of law is made in the statement, except as follows:

"Upon the eighteenth day of December, 1882, the court
found and filed its findings of fact and conclusions of law in
the cause, and upon that day the judgment was entered in
said cause. The said findings of fact and conclusions of law
are hereby referred to and made a part of this statement,
and will be used upon the hearing of the motion for a new
trial."

The same was said in relation to certain additional find-
ings made and filed pursuant to written request of defend-
ant.

It is urged by counsel for respondent that this court can-
not consider the findings, since they are not embodied in
the statement on motion for new trial. Such has been our
decision in many cases, but it is claimed by counsel for de-
fendant that the words in the statement before quoted are
tantamount to an insertion of the findings in the statement,
and that since the transcript shows the findings were read
and referred to by the lower court on the hearing, this
court not only can, but should, consider the findings as em-
bodied in the statement on motion for new trial. There is
no statement on appeal, the findings were not inserted in
the statement on motion for new trial, except as before
shown; but the court did read and refer to them on the
hearing.

Upon this state of facts, can this court, on appeal from
the judgment and the order overruling the motion for new
trial, consider the findings?

In *Imperial S. M. Co.* v. *Barstow*, 5 Nev. 254, this court
said: "The statute has plainly and explicitly declared what
an appellant shall furnish this court to entitle him to a hear-

ing ; such must be before the court. An appellant is by no means precluded from bringing up other matter, but the mode of so doing is properly subject to statutory regulation. Whatever does not come up in the judgment roll, or under clerk's certificate, as by statute provided, must come embodied in a statement. Findings are no portion of the judgment roll. There is no provision for their introduction into the transcript, which is the record for the consideration of this court under special certificate ; therefore, they must appear, if at all, by means of a statement.''

In *Simpson* v. *Ogg*, *ante* 1, the findings were not embodied in the statement, but they were referred to by the court in deciding the motion for new trial, although in that case, if we remember correctly, there was no special reference in the statement to the findings, or any notice that they were made a part of the statement and would be used upon the hearing. In *Simpson's Case* we said : ''Since the findings were not embodied in the statement, it is questionable, at least, whether the judge below had the right to refer to them in deciding the motion, or whether we can consider them on this appeal, although they were referred to by him.''

We did not, however, decide the question, since it was unnecessary in that case to do so.

The statute provides that on the argument of a motion for new trial reference may be made, not only to the settled statement or affidavits, but also to the '' pleadings, depositions, and documentary evidence on file, testimony taken and written out by a short-hand reporter authorized by the court to take the same, and the minutes of the court.'' It also provides that the '' affidavits, counter-affidavits, or the statement thus used in connection with such pleadings, depositions, documentary evidence on file, testimony taken by a reporter, and minutes of the court, as are read or referred to on the hearing, shall constitute, without further statement, the papers to be used on appeal from the order granting or refusing a new trial. To identify the affidavits, it shall be sufficient for the judge or clerk to indorse them

at the time as having been read or referred to on the hear-
ing.   To identify any deposition, documentary evidence on
file, testimony taken by a reporter, or minutes of the court,
read or referred to at the hearing, it shall be sufficient that
the judge designate them as having been read or referred
to in his certificate to be for that purpose by him made
thereon.''

In the statutory sense, the findings of fact and conclusions
of law required to be found and filed by the court are
neither "pleadings, depositions, documentary evidence on
file, testimony taken by a reporter, minutes of the court,''
nor "affidavits,'' which are the only papers the court below
is permitted to refer to outside of a statement, and the only
ones, besides the statement, that this court can use on
appeal from the order granting or refusing a new trial.
We cannot consider a paper not embodied in the statement,
simply because we find on a fugitive paper in the transcript
a certificate of the lower court that it was read and referred
to on the hearing.

In addition to the statement, we can consider just what
the statute permits, and nothing else, notwithstanding the
lower court referred to other papers on the hearing.   The
findings in this case were not made a part of the statement.
Appellant *said* he referred to them and made them a part
of the statement, and he gave the court and opposing party
notice that they would be used on the hearing.   Counsel
for appellant insists that by so doing the findings became
as much a part of the statement as a mortgage would be a
part of a complaint in a foreclosure suit, where the mort-
gage is referred to and made a part of the complaint, and
attached thereto as an exhibit.   We might admit that
the law would have been satisfied if appellant had, in the
body of the statement, referred to the findings, made them
a part of the statement, and attached them thereto as an
exhibit.   But neither that nor the substance of it was done.
By an examination of the statement no knowledge of the
findings could be gathered.   The court and counsel had to
go to the clerk's office if they wished to know what they

contained.    Can it be said that a mortgage would be made a part of the complaint in a foreclosure suit without attaching it as an exhibit, or embodying it therein, by the simple statement that it was referred to and made a part thereof?

Counsel for appellant says it will operate as a great hardship in this case to hold that the findings must be embodied in the statement, instead of upholding the course pursued, which he claims is the universal practice.    Our answer is that the statute is plain, and we must follow it.    Besides, if the practice pursued in this case is followed to any extent, it is opposed to the well-settled law as established by numerous decisions of this court.

The judgment and order appealed from are affirmed.