[No. 1372.]

J. POUJADE AND C. W. RODEN, APPELLANTS, *v.* P. RYAN AND JAMES RYAN, RESPONDENTS.

PRACTICE—FINDINGS, WHEN NOT CONSIDERED ON APPEAL.—Where the findings are not included in the statement they can not be considered upon an appeal from an order overruling a motion for new trial.

IDEM—STATUTE CONSTRUED.—The statute of 1889, p. 22, requiring the court to presume that the statement contains all the matters pertinent to the proper presentation of the appeal, does not require that we snould so presume when the contrary appears from the statement itself.

IDEM—IDEM.—The amendment to the practice act (Stats. 1893, p. 88), is not retroactive, and does not apply to a case where the motion for a new trial had been heard and disposed of by the lower court before its enactment.

MINING LAW—NOTICE OF LOCATION AND RECORD.—The mining law does not require that a notice of location of a mine shall contain a reference to a natural object or permanent monument. It is the record of the location that must contain such reference, and only then when the district laws require the record to be so made.

JUDICIAL NOTICE—LOCAL MINING RULE.—The court can not take judicial notice of the existence in a particular district of a rule requiring claims to be recorded. Such rule, if it exists, must be proven the same as any other fact in the case.
(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Lincoln county.

*G. F. Talbot*, District Judge.

The facts sufficiently appear in the opinion.

*T. J. Osborne* and *J. Poujade*, for Appellants.

I.   The court erred in admitting as testimony to prove a legal location by respondents, a recorded duplicate of an invalid notice of location. Respondent's location was insufficiently marked. No court has yet construed the U. S. statute so as to evade or nullify the meaning of the words " distinctly marked so that the boundaries may be readily traced." (*Gelcich* v. *Moriarity*, 53 Cal. 217; *Holland* v. *Auburn*, 53 Cal. 149.)

*Geo. S. Sawyer* and *Trenmor Coffin*, for Respondents.

I.   The appeal should be dismissed   The findings of fact and conclusions of law are not embraced in the statement on motion for new trial, although in the transcript on appeal they are no part of it and cannot be considered by the court. (*Bowker* v. *Goodwin*, 7 Nev. 135; *Alderson* v. *Gilmore*, 13 Nev. 84; *Nesbitt* v. *Chisholm*, 16 Nev. 39; *Boyd* v. *Anderson*, 18 Nev. 348.)

II.   It is the record and not the notice of location that must

contain reference to natural objects or permanent monuments. (U. S. Rev. Stats. Sec. 2324.) In this case there were no district rules requiring a record to be made, and in their absence none is required. (*Golden Fleece Co.* v. *Cable Con. Co.*, 12 Nev. 323; *Southern Cross Co.* v. *Europa Co.*, 15 Nev. 383.)

By the Court, BIGELOW, J.:

Appeal from an order overruling a motion for new trial. The findings of fact are not included in the statement on the motion, nor are they in any manner identified, and for this reason the objection is made that we cannot consider them upon this appeal. Such has been many times the decision of this court. (*Boyd* v. *Anderson*, 18 Nev. 348; *Nesbitt* v. *Chisholm*, 16 Nev. 39; *Alderson* v. *Gilmore*, 13 Nev. 84; *Bowker* v. *Goodwin*, 7 Nev. 137; *Mining Co.* v. *Barstow*, 5 Nev. 254; *Corbett* v. *Job*, Id. 204.) The objection must consequently be sustained.

The appellants urge that under the statute of 1889, p. 22, we are to presume that the statement contains all the matters pertinent to the proper presentation of the appeal, and consequently, we suppose that we must either presume that the statement does contain the findings or that they are not pertinent to the presentation of the case in this court. But the statute only requires us to so presume when the contrary does not appear from the statement itself. That is the case here. An examination of the statement demonstrates that it does not contain the findings, and as the only assignments of insufficiency of the evidence are that certain findings are not supported by it, they are certainly pertinent, as without them it is impossible to understand what the assignments refer to.

It is further argued that the amendment to the practice act (Stat. 1893, p. 88) has changed this rule, but without pausing to determine whether that is or is not the case, it is sufficient here to say that the amendment is not retroactive, and does not apply where the motion for new trial had been made and disposed of before its passage. (*Hancock* v. *Thom*, 46 Cal. 643; *Caulfield* v. *Doe*, 45 Cal. 222.)

The only other error assigned is that upon the admission in evidence of the notice of location of the defendants' mine. Upon this point the statement contains the following: "James Ryan, one of the defendants, sworn on behalf of the defendants,

testifies substantially as follows: * * * The notice of location of the Hope mine is shown the witness and he says: 'This is a duplicate of the notice we posted. We posted ours on a monument on the claim, and had this one recorded.' * * * Defendants here offered in evidence a recorded duplicate of the notice of location of the Hope mine, to which plaintiffs objected on the ground that it was insufficient, irrelevant and incompetent and immaterial, in that, being a recorded notice it is insufficient for lack of description and that it does not identify the claim by reference to a permanent monument or natural object."

We know of no law requiring a notice of location to contain a reference to a permanent monument or natural object. It is the record of the location that must contain this reference, and only then when the district laws require such record to be made. (*Golden Fleece, etc., Co.* v. *Cable Consolidated, etc., Co.*, 12 Nev. 312, 323; *Gleeson* v. *Mining Co.*, 13 Nev. 442, 465.) There was no evidence offered concerning the local laws of this district, nor indeed does the recorded notice seem to have been offered for the purpose of proving compliance with any rule requiring recordation, but rather as the notice which was posted upon the mine, as a part of the location thereof. As such, there was no error in admitting it. Without proof of a law requiring recordation, the fact that it had been recorded made it no better nor worse than if it had not.

The appellants assert that it is a universal custom, applicable to all mining districts, to require the recordation of mining locations, and, as we understand the argument, that we should consequently take judicial notice of its existence. We are of the opinion, however, that it has been too often decided that the existence of rules and customs governing the manner of locating and holding claims in each district is to be established by the evidence in the case, the same as any other question of fact, to be now open to controversy. (*Golden Fleece, etc., Co.* v. *Cable Consolidated, etc., Co.*, 12 Nev. 312, 322; *King* v. *Edwards*, 1 Mont. 235; *Sullivan* v. *Hense*, 2 Colo. 424; *Harvey* v. *Ryan*, 42 Cal. 626.)

The order appealed from is affirmed.