[No. 1497.]

J. V. PEERS, AS ADMINISTRATOR OF THE ESTATE OF FELIX MONET, DECEASED, RESPONDENT, *v.* T. A. REED, APPELLANT.

APPEAL—IN ABSENCE OF STATEMENT OR BILL OF EXCEPTIONS, JUDGMENT ROLL ONLY CONSIDERED.—When an appeal is taken from the judgment alone, and there is no statement or bill of exceptions in the record, the appellate court can only consider the record coustituting the judgment roll.

IDEM—JUDGMENT ROLL—FINDINGS OF FACT. AND CONCLUSIONS OF LAW, WHEN NOT PART OF RECORD.—Findings of fact and conclusions of law are no part of the judgment roll, and are no part of the record on appeal when not made so by a statement of the case or bill of exceptions.

IDEM—EFFECT OF ACT OF 1895.—Matters or questions that could be properly presented to the supreme court on appeal before the act of 1895 (Stats. 1895, p. 58) only by a statement of the case on motion for a new trial, or by a statement of the case on appeal, or by bill of exceptions, can now be presented alone in the same manner, with the sole exception that maps and exhibits, under the conditions named in the statute, may be sent separately.

IDEM—ALLEGATIONS OF COMPLAINT SUFFICIENT TO SUPPORT JUDGMENT—PRESUMPTION.—Where an appeal is taken by the defendant from the judgment alone and no statement on appeal or bill of exceptions is filed, if the complaint contains a state of facts sufficient to warrant the judgment rendered, it will be presumed that the trial court found these facts.

TAXATION—ASSESSMENT—SEPARATE AND DISTINCT PARCELS OF LAND.—Separate and distinct parcels of land must be valued and assessed separately or the assessment will be void.

APPEAL from the District Court of the State of Nevada, Washoe county; *A. E. Cheney*, District Judge:

Action by J. V. Peers, as administrator of the estate of Felix Monet, deceased, against T. A. Reed. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*T. V. Julien*, for Appellant:

I. There is no law by which a taxpayer can redeem a portion of his property and not the whole; he is bound for the whole tax lawfully assessed to him. (*Wright* v. *Cradlebaugh*, 3 Nev. 348.)

II. There is no law in this state requiring a separate valuation to be given to property assessed to the same owner, or

requiring the assessor to designate on the tax roll lands held as "owned in fee" and those held by right of possession.

III.   The taxpayer being bound to contribute his *pro rata* share of the expenses of government, no irregularity on the part of any one or all of the revenue officers will relieve him from that obligation.   (10 Nev. 346.)

*Thos. E. Haydon,* for Respondent:

I.   The findings of fact and conclusions of law of the judge of the court is no part of the judgment roll in any case.   That they cannot be considered on an appeal unless they are embodied in a statement on new trial or on appeal, is too well settled in the state to admit of an argument. (2 Nev. 133; *Corbett* v. *Job,* 5 Nev. 205; *Imperial M. Co.* v. *Barstow,* 5 Nev. 253; *Bowker* v. *Goodwin,* 7 Nev. 137; *Alderson* v. *Gilmore,* 13 Nev. 85; *Hauson* v. *Chatovich,* 13 Nev. 396; *Nesbitt* v. *Chisholm,* 16 Nev. 40; *Simpson* v. *Ogg,* 18 Nev. 30; *Beck* v. *Truckee Lodge,* 18 Nev. 246; *Boyd* v. *Anderson,* 16 Nev. 349; *Jones* v. *Adams,* 19 Nev. 80; *Poujade* v. *Ryan,* 21 Nev. 449.)

II.   When nothing is shown to the contrary, the court will presume that the judgment is sustained by the findings and the findings justified by the evidence.   (*Nesbitt* v. *Chisholm,* 16 Nev. 39; *Kelly* v. *Kelly,* 18 Nev. 59.)

III.   The court below decided correctly in this case that several different and separate tracts of land in three different sections, none of which, except ten or fifteen acres, had ever been cultivated or enclosed by a fence or made one undivided whole farm, all assessed in one lump sum or assessment.   It is a well-established principle of law that land assessed for taxes must be so described that it may be identified.   How can it be identified except by U. S. survey division, or by metes and bounds?   (*State* v. *C. P. R. R. Co.,* 21 Nev. 99.)

IV.   The provisions in our statute (Gen. Stats. 1096; Stats. 1891, sec. 33, p. 146) passed after the decision of *State* v. *C. P. R. R. Co.,* are conclusive that any taxpayer can pay on the least subdivision of his land, and are conclusive that, to make a valid assessment, the assessor must place a separate tax on the least subdivision.   If he does not, his assessment is void, for how can a taxpayer pay on the least

subdivision or redeem from a sale of it, if no tax is placed or value placed on such least subdivision?

By the Court, BONNIFIELD, J.:

The plaintiff recovered judgment in the trial court against the defendant, and the defendant appeals from the judgment alone. There is no statement of the case and no bill of exceptions in the record. There is a paper purporting to be the findings of fact and conclusions of law by the court among the papers certified to this court. Counsel for respondent moved this court to strike from the record and to disregard said paper upon the ground that it is not embraced in any statement of the case or bill of exceptions, and cannot, for that reason, be considered on this appeal. The motion must be granted. When an appeal is taken from the judgment alone, and there is no statement or bill of exceptions in the record, the rule that the appellate court can only consider the record constituting the judgment roll is too well settled to need citation of authorities. The findings are no part of the judgment roll. (Gen. Stats. 3227.) And they are no part of the record on appeal when not made so by a statement of the case or bill of exceptions. There seems to be some misconception as to the effect of the act entitled "An act regulating appeals to the supreme court." (Stats. 1895, 58.)

The evident object of this act was simply to save litigants the labor and expense of transcribing the record on appeal and the expense of printing the transcript. The law as it stood prior to the act of 1895 required in all cases of appeal that a transcript of the record on appeal should be certified to the supreme court, and by a rule of this court all such transcripts were required to be printed. The General Statutes provide what the record shall consist of in the several appealable cases. The statute of 1895 provides that the original papers in the district court—that is, papers constituting the record on appeal, including documentary evidence, maps and exhibits—may be certified to this court instead of certifying a transcript thereof, or the appellant may furnish a transcript of a portion of the record on appeal and have the original of the remaining portion of the record certified to this court, otherwise it does not affect the provisions of the

General Statutes except it provides " that where it would not be convenient to attach maps or exhibits to the other papers, they may be sent separately, properly identified and certified."

Matters or questions that could be properly presented to the supreme court on appeal· before the act of 1895 only by a statement of the case on motion for new trial, or by a statement of the case on appeal, or by bill of exceptions, can now be presented alone in the same manner,·with the sole exception that maps and exhibits, under the conditions named, may be sent separately.

The contention of counsel for appellant, is that " the judgment is not sustained by the admitted facts and findings of the court and is contrary to law."

Although the alleged findings must be disregarded because they are not properly before the court, the question of the correctness of the judgment may be determined from the judgment roll.

If the complaint contains a state of facts sufficient to warrant the judgment rendered, we must presume that the trial court found these facts.

There is, however, no dispute as to the facts. The facts alleged and admitted material to be considered in determining the validity of the judgment, are, in brief, that, in the year 1894, the assessor of Washoe county, not finding said Felix Monet, made no demand upon him for a statement ·of his taxable property, and received none, but listed and assessed certain described lands to him as owner thereof; that the lands as described on the assessment roll, and in fact, were separate and distinct pieces of land; that the assessor valued and assessed said lands as a whole, as one body or tract of land; that the tax amounted to $5 50; that said tax was not paid; was entered on the delinquent list and all of said lands were sold by the treasurer of said county to the defendant at the delinquent tax sale in 1895 for the taxes, penalties and costs, amounting to $10 05; that the defendant received from the county treasurer a certificate of sale and deed of conveyance of said lands and had the same recorded in the office of the county recorder of said county.

*Judgment:* The judgment of the court below in effect

annuls said assessment, sale, certificate of sale and deed of conveyance; adjudged the tax title to said lands claimed by the defendant to be null and void; decrees that the plaintiff, as the administrator of the estate of Felix Monet, deceased, is entitled to the exclusive possession and control of said lands and perpetually enjoins the defendant, his heirs and assigns, from claiming or asserting any right, title or interest in or to said lands under or by virtue of said deed or tax title.

The lands, being separate and distinct parcels, should have been valued and assessed separately; not being so valued and assessed, the assessment under the authorities is void.

In *State of Nevada* v. *The Central Pacific Railroad Company*, 21 Nev. 105, this court held that a taxpayer can, under our statutes, pay the taxes upon some subdivisions of his property entered upon the assessment roll, and not on all, and that it is the duty of the assessor to value each subdivision separately. Evidently the requirement that separate and distinct pieces of land shall be valued and assessed separately is for the benefit of the taxpayer.

In Cooley on Taxation, 280, the author says: " When the two parcels are owned by the same person, if the statute requires a separate assessment, obedience to the requirement is essential to the validity of the proceedings. It cannot be held in any case that it is unimportant to the taxpayer whether this requirement is complied with or not. Indeed, it is made solely for his benefit. It would be wholly immaterial, so far as the interest of the state is concerned, whether separate estates are or are not separately assessed. And where a requirement has for its sole object the benefit of the taxpayer, the necessity for a compliance with it cannot be made to depend upon the circumstances of a particular case, and the opinion of a court or jury regarding the importance of obedience to it in that instance. That method of construing statutes would abolish all certainty."

In *People* v. *Hollister*, 47 Cal. 408, the court held that, when several parcels of land are assessed to the same person, they must be separately valued.

In 21 Nev., above, the court said: " It has been decided that adjoining town lots, owned by the same person, may be

Points decided.

assessed as one tract; but never, under any statute similar to ours, that entirely separate and distinct pieces of real estate and personalty can be thrown together in one general statement and valued as one piece of property. Such an assessment is void."

The judgment appealed from is affirmed.