[No. 1762]

WESTERN ENGINEERING AND CONSTRUCTION COMPANY (A CORPORATION) AND TONOPAH LUMBER COMPANY (A CORPORATION), PLAINTIFFS, *v.* NEVADA AMUSEMENT COMPANY (A CORPORATION), PATRICK WALSH, AND WILLIAM EASTON, RESPONDENTS; INTERSTATE LUMBER AND MILL COMPANY (A CORPORATION) AND NEVADA-CALIFORNIA POWER COMPANY (A CORPORATION), INTERVENERS AND APPELLANTS.

1. EXCEPTIONS, BILL OF—SETTLEMENT—STATUTES.

The exceptions which may be contained in a bill of exceptions under Comp. Laws, 3860, authorizing the taking of a bill of exceptions to the rulings on testimony or points of law, are governed by section 3285, limiting the exceptions which may be included in a bill of exceptions to the objections as to matters of law taken before verdict or the decision, and a bill of exceptions based on an order of a referee denying a motion to set aside his conclusions of law, and the specifications of error relating thereto, made two or three weeks after the filing of his decision and order directing judgment and in the absence of and without service on or notice to the adverse party, cannot be considered.

2. EXCEPTIONS, BILL OF—SETTLEMENT—STATUTES.

Under the statutes relating to the making of records on which the rulings of the trial court may be reviewed, both parties to the litigation may participate in the making of the record, and the supreme court ought not to rely on statements that the adverse party has not had an opportunity to amend or correct.

3. APPEAL AND ERROR—RECORD—JUDGMENT ROLL.

The findings of fact and conclusions of law of a referee cannot be considered on appeal when they are not included in any statement of appeal or motion for new trial or proper bill of exceptions, because they are not a part of the judgment roll.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *Frank P. Langan,* Judge.

Action by the Western Engineering and Construction Company and another against the Nevada Amusement Company and others, in which the Interstate Lumber and Mill Company and another intervened. From a judgment denying relief to the intervener named, it appeals. **Dismissed.**

The facts sufficiently appear in the opinion.

*Thompson, Morehouse & Thompson,* for Appellant.

*D. S. Truman,* for Respondents.

By the Court, TALBOT, J.:

Pursuant to stipulation, this action was tried by a referee who made his findings of fact and conclusions of law in favor of respondents and against the allowance of judgment on the lien which had been filed and was sought to be enforced by the appellant the Interstate Lumber and Mill Company as an intervener. These findings and directions for judgment were dated December 24, 1907, above the name of the referee, and are also indorsed as "Report of referee, dated December 24, 1907, filed December 26, 1907," over the signature of the clerk. The appellant was satisfied with the findings, but claimed that the referee made an erroneous conclusion of law, and on December 21, 1907, served notice that it would move the referee on the 6th day of January, 1908, to set aside and vacate the conclusions of law to which objection was made. After argument by respective attorneys on the 8th day of January, this motion was denied by the referee on the 10th day of January, 1908.

The appellant has brought to this court a document which is labeled "Bill of Exceptions" of Interstate Lumber and Mill Company, intervener. It recites the stipulation for the appointment of the referee, the trial, his report containing the findings of fact and conclusions of law, the notice of the motion to set aside and vacate, and to have entered conclusions of law in favor of the intervener on the ground that the conclusions of law were contrary to the findings of fact and the hearing and denying of the motion as above stated. This so-called bill of exceptions concluded with the statement: "And now the said Interstate Lumber and Mill Company assigns the said ruling of the said referee as error, and prays that the foregoing statement and action of the said referee and the said exception of the said Interstate

Lumber and Mill Company be settled and allowed as correct and true, and as its bill of exceptions to the ruling of said referee." The paper is indorsed as filed by the clerk on January 10th, and as settled and allowed as true and correct by the referee on January 14, 1908. The notice of appeal specifies that the appeal is taken from the judgment entered in the district court on the 24th day of January, 1908, but no copy of this judgment appears in the record.

Respondents ask that the purported bill of exceptions be stricken out and disregarded on the grounds that it is not a document known to the law, that no copy of it was served, and that no notice or opportunity was given respondents to object to it or to propose amendments. It is said that, if the so-called bill of exceptions be disregarded, the findings and conclusions of law cannot be considered because not contained in any statement on appeal or on motion for new trial or upon a case appealed from an order made after final judgment. It is asserted, also, that there is no statement nor assignment of errors on which appellant intends to rely upon his appeal in the record, and consequently there is nothing before this court to review, and that the action of the referee in attempting to settle and allow the bill of exceptions was too late, as he had exhausted his authority upon the filing of his report.

Appellant may have intended to proceed under section 3860 of the Compiled Laws, which provides: "During the progress of a cause a party may take his bill of exceptions to the admission or exclusion of testimony, or to the rulings of the judges on points of law, and it shall not be necessary to embody in such bill anything more than sufficient facts to show the point and pertinency of the exceptions taken. The presiding judge shall sign the same as the truth of the case may be, and such bill shall then become a part of the record, and a party against whom judgment is rendered may appeal from such judgment without any further statement or motion; and on such appeal it shall only be necessary to bring to

the supreme court the transcript of the pleadings, the judgment, and the bill or bills of exception so taken." This section gives a short and easy method for appealing from rulings on points of law made during the trial.

Evidently the exceptions which may be contained in a bill under that section are also limited by section 3285, Comp. Laws (section 190, Practice Act), which provides: "An exception is an objection taken at the trial to a decision upon a matter of law, whether such trial be by jury, court, or referees, and whether the decision be made during the formation of a jury, or in the admission of evidence, or in the charge to a jury, or at any other time from the calling of the action for trial to the rendering of the verdict or decision. But no exception shall be regarded on a motion for a new trial, or on an appeal, unless the exception be material, and affect the substantial rights of the parties." (*Burns* v. *Rodefer,* 15 Nev. 59.)

The appellant filed no exceptions to the findings or conclusions of law within five days after the making of the findings or decision under section 3858. Instead, it was sought to have the referee reverse his conclusions of law and decision after they had been filed and after the hearing of this motion, and the only exception was taken to the refusal of the referee to grant the motion and to vacate or change the findings or decision. Section 3860 does not provide for such a rehearing before the referee, and section 3285 limits the exceptions which may be taken and included in the bill to the objections relating to matters of law taken before the rendering of verdict or the decision, and impliedly while the attorneys for both sides were present. We have no statute allowing bill of exceptions to be made up after the trial and verdict or decision and without notice to and in the absence of opposing counsel.

There was no attempt to proceed under section 194 (section 3289) of the practice act, which designates that "a new trial is a reexamination of an issue of fact in the same court after a trial and decision by a jury, court or referees," and section 195 (section 3290) which directs

that the decision may be vacated and a new trial granted upon application where there is error in law. If it be conceded that the referee could, after he had filed his decision, settle a bill or statement of any proceedings had or exceptions taken before him prior to the filing of his report, the record is still insufficient as a bill of exceptions, for it is based upon the order of the referee denying the motion to set aside or reverse his conclusions of law and the objection of specification or error relating to that order, both made about two or three weeks after the filing of his decision and order directing judgment. Nor was it sufficient to make up a bill in the absence of and without service upon or notice to the respondents.

We reaffirm the conclusion reached in *State* v. *Central Pacific Railroad Company*, 17 Nev. 268, that it is apparent from the various provisions relating to the making of records upon which the rulings of the district court may be reviewed, that both parties to litigation may participate in the making of the record, that we ought not to rely upon statements that the opposite party has not had an opportunity of amending or correcting. Even if the record which carries the pleadings, in the absence of a copy of the judgment (*Kirman* v. *Johnson*, 30 Nev. 146; *Hart* v. *Spencer*, 29 Nev. 286) could be considered a judgment roll, still the findings of fact and conclusion of law on which appellant relies could not be considered as they are not a part of the judgment roll, and cannot be reviewed when they were never included in any statement on appeal or motion for a new trial or proper bill of exceptions. (*Boyd* v. *Anderson*, 18 Nev. 348; *Poujade* v. *Ryan*, 21 Nev. 449.)

The appeal is dismissed.