[No. 1841]

## FRITZ WERNER, APPELLANT, v. LAURA BABCOCK, RESPONDENT.

1. APPEAL AND ERROR—RECORD—CONTENTS OF RECORD—"JUDGMENT ROLL."

Though section 340 of the civil practice act (Comp. Laws, 3435) provides, among other things, that if any written opinion be placed on file, in entering judgment or making an order below, a copy shall be furnished, certified in like manner, etc., a written opinion and findings of the lower court do not constitute any part of the "judgment roll," but are only intended to aid the appellate court in the determination of an appeal.

2. APPEAL AND ERROR—RECORD—BILL OF EXCEPTIONS—NECESSITY.

As an appeal, in the absence of statement or bill of exceptions, carries up the judgment roll alone, findings made by the trial court cannot be considered, in the absence of a statement or bill of exceptions.

3. APPEAL AND ERROR—AFFIRMANCE—RECORD PROPER.

Where a judgment is supported by the pleadings, and nothing save the record proper is before the appellate court, it must be affirmed.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Theron Stevens*, Judge.

Action by Fritz Werner against Laura Babcock. From a judgment for defendant, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Chester L. Lyman*, for Appellant.

*Robt. L. Hubbard*, for Respondent.

By the Court, NORCROSS, J.:

This is an appeal from the judgment upon the judgment roll alone. The action was brought to recover possession of lot 8, in block No. 46, of the town of Goldfield. Plaintiff alleged in his complaint that on the ____ day of September, 1905, he was the owner and in the possession of the said lot in question; that on the date last mentioned the respondent herein entered into the possession of said lot as the tenant of appellant; that the respondent failed and refused to pay rent therefor, or to deliver

up the possession of said property upon demand; that on the 11th day of December, 1907, the plaintiff, appellant herein, peaceably and lawfully reentered upon said premises, and thereafter, and on the 6th day of January, 1908, the defendant, respondent herein, unlawfully entered upon the said premises and excluded the plaintiff therefrom, and ever since has so excluded the said plaintiff and appellant. Plaintiff and appellant prayed judgment against the said defendant and respondent for the possession of said premises, for the sum of $500 for the withholding thereof, for the further sum of $3,500, the value of rents, issues, and profits thereof, and for costs of suit.

The answer of the defendant denied the allegations of the plaintiff's complaint, and for a further defense alleged that on or about the 21st day of October, 1905, the defendant, respondent herein, purchased the lot in question from the plaintiff and appellant, and paid therefor the sum of $900, as follows: $200 in cash, and the balance, $700, on October 25, 1905; that she was the owner and entitled to the possession of said lot.

The case was tried before the court without a jury, a jury having been expressly waived, and judgment entered in favor of the defendant, respondent herein, to the following effect: "That defendant is the owner and entitled to possession of lot 8, block 46, in the town of Goldfield, and every part thereof; that plaintiff has no right, title, or interest whatsoever in or to said premises, or any part thereof; that defendant have and recover of and from the plaintiff her costs in this behalf expended; that the plaintiff take nothing by his said suit; and that the title to all said premises and property be, and the same is, hereby quieted in defendant."

Counsel for the respondent has moved to strike from the record upon appeal that certain paper denominated "Opinion of the Court," and for the court to disregard the said opinion and the findings of the district court, upon the ground that neither said opinion nor said findings are embraced in any statement of the case, nor in

any bill of exceptions, and cannot, for that reason, be considered on this appeal. Section 340 of the civil practice act (Comp. Laws, 3435) provided, among other things, that "if any written opinion be placed on file in entering judgment or making the order in the court below, a copy shall be furnished, certified in like manner," etc. Such a written opinion does not form any part of the judgment roll, and was never intended to perform any function, other than an aid to the appellate court in the determination of the appeal, which must be based, either upon the statement upon appeal, bill of exceptions, or, where neither such statement or bill is filed, upon the judgment roll alone. (*Corbett* v. *Job*, 5 Nev. 201; *Reno W. L. & L. Co.* v. *Osburn*, 25 Nev. 53.)

It has been repeatedly held by this court that the findings cannot be considered upon the appeal, unless embodied in a statement or bill of exceptions. (*Howard* v. *Richards*, 2 Nev. 133, 90 Am. Dec. 520; *Corbett* v. *Job*, 5 Nev. 205; *Imperial M. Co.* v. *Barstow*, 5 Nev. 253; *Bowker* v. *Goodwin*, 7 Nev. 137; *Alderson* v. *Gilmore*, 13 Nev. 85; *Hanson* v. *Chiatovich*, 13 Nev. 396; *Nesbitt* v. *Chisholm*, 16 Nev. 40; *Simpson* v. *Ogg*, 18 Nev. 30; *Beck* v. *Truckee Lodge*, 18 Nev. 246; *Boyd* v. *Anderson*, 18 Nev. 349; *Jones* v. *Adams*, 19 Nev. 80, 3 Am. St. Rep. 788; *Poujade* v. *Ryan*, 21 Nev. 449; *Peers* v. *Reed*, 23 Nev. 404; *Quinn* v. *Quinn*, 27 Nev. 174.)

Counsel for appellant has not contended that the judgment entered in this case is contrary to or inconsistent with the issues made by the pleadings; but he contends that the same is not supported by certain of the findings and contrary to certain expressions contained in the opinion filed in the case by the trial judge. While the contention made by counsel for the appellant in this regard is controverted by counsel for the respondent, it is necessary for us to look only to the judgment roll. As the judgment can be supported by the pleadings, it follows that the same must be affirmed.

It is so ordered.