[No. 2111]

## ADA RITA ROSENTHAL, RESPONDENT, *v.* HUBERT SEMMY ROSENTHAL, APPELLANT.

[153 Pac. 91]

1. APPEAL AND ERROR—ORDERS REVIEWABLE—DENIAL OF CONTINU-
ANCE.

    An order of the trial court dismissing a motion for a con-
tinuance is not directly appealable.

2. APPEAL AND ERROR—RECORD ON APPEAL—STATEMENT AND BILL
OF EXCEPTIONS.

    In the absence of a statement on appeal or bill of excep-
tions, the appellate court is confined to examination of the
judgment roll alone, and cannot review the denial of a con-
tinuance to take depositions.

3. APPEAL AND ERROR—APPEALABLE ORDERS—STATUTES.

    Rev. Laws, 5339, providing that, upon an appeal from an
order made on affidavit, a certified copy of the affidavit and
counter affidavit shall be annexed to the order in place of the
statement on appeal, and section 5356, providing that on
appeal from an order appellant shall furnish the court with
a copy of the notice of appeal, the order appealed from, and
a copy of the papers used on the hearing, and a statement,
if there be one, apply to appealable orders only, and do not
give an appeal from orders not otherwise appealable.

4. APPEAL AND ERROR—ORDERS REVIEWABLE—DENIAL OF CONTINU-
ANCE.

    An order denying a motion for a continuance can only be
reviewed by appeal from a judgment or order refusing a new
trial, or by bill of exceptions properly allowed by the trial
court.

APPEAL from First Judicial District Court, Ormsby
County; *Frank P. Langan*, Judge.

Action by Ada Rita Rosenthal against Hubert Semmy
Rosenthal. From a final judgment, and an order refusing
a continuance, defendant appeals. Appeal from order
dismissed. **Judgment affirmed.**

*John M. Chartz*, for Appellant:

The lower court abused its discretion in refusing the
continuance and in rendering judgment. Appellant was
entitled to a continuance on the ground of the absence of
evidence, depositions of witnesses not having arrived, and
appellant having made affidavit of the materiality of the

expected evidence and that due diligence had been used to procure it. (Dist. Court Rule XII, Rev. Laws, p. 1427; Rev. Laws, 5202.)

The continuance should have been granted, as the affidavits showed upon their face the expectancy of the arrival of the depositions within a short time. (*Choate & Brown* v. *Bullion M. Co.*, 1 Nev. 73; *Calhoun* v. *M. & T. Bank*, 28 La. Ann. 260; Ency. Pl. & Pr., vol. 4, pp. 846–850.)

The transcript on appeal contains all the proper and necessary papers. A bill of exceptions is improper, and when taken will be disregarded on appeal. (Ency. Pl. & Pr., vol. 3, p. 381.)

A motion for a new trial was not necessary. (*Beatty* v. *Sylvester*, 3 Nev. 228; Rev. Laws, 5339.) No statement on appeal was necessary. (*Weinrich* v. *Porteus*, 12 Nev. 102; *Gray* v. *Harrison*, 1 Nev. 502; *Thompson* v. *Lake*, 19 Nev. 293; *Smith* v. *Wells Estate Co.*, 29 Nev. 411.)

An order of the lower court granting or refusing a continuance is appealable. (Ency. Pl. & Pr., vol. 4, pp. 902–904; *Nichols* v. *Headley G. Co.*, 66 Mo. App. 321.)

*Platt & Sanford,* for Respondent:

The appeal from the judgment and order refusing to grant a continuance should be dismissed, there being no record on appeal before this court, as required by statute and the rules of the court. (Rev. Laws, 5325–5329.) The procedure in taking appeals, and the questions to be discussed thereunder by the appellate court, are matters of statutory regulation, and the court can consider only what is properly presented to it. (*Burbank* v. *Rives*, 20 Nev. 81; *State* v. *Preston*, 30 Nev. 301; *Luke* v. *Coffee*, 31 Nev. 165.) The provisions of the code as to the preparation of a case on appeal are for observance, and not merely suggestions. (*Sprigg* v. *Barber*, 54 Pac. 899.)

The judgment should be affirmed, as it is supported by the pleadings, and no error appears upon the face of the judgment roll. The transcript filed by appellant contains no statement, bill of exceptions, or motion for new trial, and therefore only the appeal from the final judgment

can be considered. (*Irwin* v. *Sampson,* 10 Nev. 282; *Baum* v. *Meyer,* 16 Nev. 91. ) Where there is no statement properly authenticated, only errors appearing on the face of the judgment roll can be considered on appeal. (*Quinn* v. *Quinn,* 27 Nev. 156; *Werner* v. *Babcock,* 34 Nev. 44; *State* v. *Wilson,* 5 Nev. 43. )

An order granting or refusing a continuance is not an appealable order. (*Luke* v. *Coffee,* 31 Nev. 165; *State* v. *Wallin,* 6 Nev. 280; *Tiedemann* v. *Tiedemann,* 35 Nev. 265; *Haraszthy* v. *Horton,* 46 Cal. 545; *People* v. *Ashnaur,* 47 Cal. 98; *Jacks* v. *Buel,* 47 Cal. 162. )

There was no abuse of discretion in the refusal of the court to grant the continuance. (*Luke* v. *Coffee,* 31 Nev. 165; 9 Cyc. 120; *Hardy* v. *U. S.,* 186 U. S. 224. )

Not the exercise of discretion, but its abuse, is reviewable. (*Watson* v. *Columbia B. Co.,* 135 Pac. 511–514. ) The party taking depositions must exercise diligence. (*Cooper* v. *Mitchell,* 1 Phila. 73. )

By the Court, McCarran, J. :

The notice of appeal filed in this case states that it is an appeal from the final judgment and from an order refusing a continuance. Respondent has moved to dismiss the appeal, upon the ground that there is no record before this court, as required by the statutes of Nevada and the rules of the court.

It appears from the record that, prior to the trial of the cause, defendant in the court below, appellant herein, moved the court for a continuance for the purpose of procuring the depositions of witnesses. The motion for continuance being denied by the court, the cause proceeded to trial and final judgment, in which a decree of divorce was issued. In this case appellant appears here without bill of exceptions or statement on appeal.

1. An order of the trial court in allowing or dismissing the motion for continuance is not of itself an appealable order, and can be reviewed only on appeal from the final judgment. (Rev. Laws, 5329; *Whitefoot* v. *Leffingwell,* 90 Wis. 182, 63 N. W. 82; *Jaffray* v. *Thompson,* 65 Iowa, 323,

21 N. W. 659; *Shearouse* v. *Smith*, 83 Ga. 520, 11 S. E. 560; *State* v. *Ducker*, 35 Nev. 214, 127 Pac. 990; *Haraszthy* v. *Horton*, 46 Cal. 545.)

**2.** In the case of *State* v. *Wallin*, 6 Nev. 280, this court held that where there was no bill of exceptions, and no statement on appeal, and the affidavits in support of the motion for continuance were not properly in the transcript, the alleged error of the trial court in refusing a continuance could not be considered by this court. In the case of *State* v. *Preston*, 30 Nev. 307, 95 Pac. 920, this court said:

"The supreme court of this state, to be clothed with jurisdiction to adjudicate whatever questions are properly raised by an appeal from an inferior court, must be connected with the proceedings had in the lower court substantially in the manner required by the statutes regulating appeals; otherwise, this court acquires no jurisdiction. If any of these essential links required by mandatory statutes and necessary to give this court jurisdiction are lacking, the attempted appeal confers no jurisdiction on this court, and the proceedings must be dismissed."

It has been repeatedly held by this court that, in the absence of a statement on appeal or bill of exceptions, this court is confined to a consideration of the judgment roll alone. (*Werner* v. *Babcock*, 34 Nev. 42, 116 Pac. 357, and cases there referred to.)

**3.** We are referred by appellant to certain sections of the civil practice act, to wit, sections 5339 and 5356, Rev. Laws:

"SEC. 5339. The provisions of the last preceding section shall not apply to appeals taken from an order made upon affidavit filed, but a certified copy of such affidavit and counter affidavit, if any, shall be annexed to the order, in the place of the statement on appeal mentioned in that section."

"SEC. 5356. * * * On an appeal from an order, the appellant shall furnish the court with a copy of the notice of appeal, the order appealed from, and a copy of the

papers used on the hearing in the court below, and a statement if there be one, such copies to be certified in like manner to be correct. * * * If the appellant fails to furnish the requisite papers, the appeal may be dismissed."

In our judgment, the sections of the statute here cited apply to appealable orders. To say that an appeal might be taken from every order made by a court during the pendency of an action would be to give sanction to a multiplicity of appeals growing out of a single litigation, attended as such a course would be by expense and inestimable delay. A modern and very reliable commentary puts it that:

"Judgments and orders from which an appeal will lie are those which either terminate the action or operate to divest some right in such a manner as to put it out of the power of the court making the order to place the parties in their original condition after the expiration of the term." (2 R. C. L. 22.)

In the same work we find it stated:

"An order granting or refusing a continuance is, of course, in no way final, and it may safely be stated that such an order is not reviewable on appeal or writ of error before final judgment." (2 R. C. L. 30.)

If further authority were necessary to support the proposition that an order granting or refusing a continuance is not, as a general rule, appealable, it would be only necessary to cite the decisions of the courts of many states set forth in support of that rule in a very recent publication. (3 Corpus Juris, p. 473, sec. 295.) We recognize, without comment here, that this rule may be subject to exception, and has been so held in cases where the rights of the parties would be permanently affected. (*Humburg* v. *Namura,* 13 Hawaii, 702.)

We are referred by appellant to the case of *Beatty* v. *Sylvester*, 3 Nev. 228, in support of his contention that it was not necessary to bring the appeal from the order to this court either by a bill of exceptions or statement on motion for a new trial. It will be observed, however,

that in the case cited the error complained of was brought to this court by way of bill of exceptions, and the method of appeal was not attacked.   The decision of this court in the case of *Weinrich* v. *Porteus*, 12 Nev. 102, if applicable at all, could only be so in the event that the order appealed from was in fact an appealable order, one specifically recognized as such by statute or by rule; and, as we have already stated, an order denying a motion for a continuance does not come within this class.   The case of *Thompson* v. *Bank*, 19 Nev. 293, 9 Pac. 883, is not in point.   The case of *Smith* v. *Wells Estate Co.*, 29 Nev. 411, 91 Pac. 315, if applicable at all, supports the position that we take here.

4. The order of the trial court denying the appellant's motion for continuance not being an order from which a direct appeal could be taken, it is our judgment that the action of the trial court in this respect could only be reviewed by this court when brought here by one of the avenues prescribed by the statute; *i. e.*, by appeal from the judgment or order refusing a new trial, or by bill of exceptions properly allowed by the trial court.   There being no bill of exceptions or statement on appeal in the record presented to this court, and the statute permitting no direct appeal from an order denying a motion for continuance, the direct appeal here attempted from the order must be dismissed.

On an appeal from the judgment alone, without statement or bill of exceptions, this court can only consider the record constituting the judgment roll. (*Peers* v. *Reed*, 23 Nev. 404, 48 Pac. 897; *Werner* v. *Babcock, supra; Western Eng. & Const. Co.* v. *Nevada Amusement Co.*, 33 Nev. 203, 110 Pac. 1129.)   No error is contended for as existing in the judgment roll.·

The judgment should be affirmed.   It is so ordered.